THE STATE v. BALLINGALL.

1. **Criminal Law**: INTOXICATING LIQUORS.  The owner of premises upon which intoxicating liquors are kept for sale, contrary to law, is not guilty of an offense if he leased them for a lawful purpose, and did not affirmatively assent to such unlawful use; the mere failure to prevent or to attempt to prevent the illegal use or sale of the liquors does not subject him to the penalties of the statute.

*Appeal from Wapello District Court.*

TUESDAY, DECEMBER 14.

THE defendant was indicted and convicted for keeping a certain room in the basement of the Ballingall House, as a place in which he kept for sale and sold intoxicating liquors contrary to law.  Jury trial resulting in a verdict of guilty.  Defendant appeals from the judgment thereon.

*Stiles & Burton* and *W. W. Cory*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

MILLER, CH. J.—The evidence showed that the defendant was the owner of the building known as the Ballingall House, in the city of Ottumwa, which was built and used as a hotel. In this building certain rooms were finished off with bar, shelves, etc., and were used for saloon and billiard rooms. The evidence tended to show that the saloon had been leased by the defendant to one Fraunburg, who sold intoxicating liquors therein on his own account, and not as clerk, servant or agent of defendant.  The defendant erected the hotel and had these rooms fitted up in the manner they were when Fraunburg opened his saloon.  There was evidence tending to show that the defendant knew to what purpose the rooms were to be put before he leased them to Fraunburg, and that afterwards he knew how they were being used and made no objection thereto, nor attempted to prevent the unlawful sale of intoxicating liquors therein.

The instructions given and refused are numerous, but they present only the question whether under this indictment, if the defendant leased the rooms, where the liquors were sold contrary to law by Fraunburg for a lawful purpose, or not knowing that they were to be- used for the unlawful sale of intoxicating liquors, but afterwards became acquainted with the fact that they were being so used, and took no steps to stop or prevent the continuance of the unlawful traffic therein, either by word or action, he may be lawfully convicted. The court instructed to the effect that he could be, while those asked by the defendant and refused were to the effect that he could not.

The section of the statute, (Revision, Sec. 1564, Code, Sec. 1543,) under which this indictment is drawn, provides that, 1. CRIMINAL "proof of the manufacture, sale or keeping with law: intoxica- ting liquors. intent to sell, of any intoxicating liquor in viola- tion of the provisions of this chapter, in or upon the premises described *by the party accused or by any other under the authority or by the permission of the party accused,* shall be presumptive evidence of the offense provided for in this sec- tion." Under this provision of the statute there can be no doubt that, if the owner of a house lease the same to another for the purpose of the unlawful sale of intoxicating liquors therein, the lessor may be indicted and convicted. It is claimed, however, that where the building has been leased for a lawful purpose, and it is afterwards used for the unlawful sale of intoxicating liquors to the knowledge of the owner, he cannot be legally convicted, unless he does some affirmative act signifying his assent thereto, or his permission for the continuance of the unlawful traffic. In *The State v. Abra-hams,* 6 Iowa, 117, in which the defendant was indicted under section 2712, of the Code of 1851, which enacts that if any person let any house knowing that the lessee intends to use it as a place or resort for the purpose of prostitution and lewd-ness, or knowingly *permit* such lessee to use the same for such purpose he shall be punished," etc., it was held, the defendant being charged with knowingly permitting his house to be used for the purpose of prostitution and lewdness, it must be

shown that he did some act, or made some declaration, affirmatively assenting to the property being so used, after he had knowledge that it was being used for such unlawful purpose; that mere inactivity on the defendant's part, or a failure on his part to take some steps to prevent the illegal use, is not permitting it in the sense contemplated by the statute. The doctrine there announced covers this case. The defendant here cannot be legally convicted under this indictment unless it is shown that, after he became aware of the illegal use of his house by the lessee, he did some act, or made some declaration, affirmatively assenting thereto. It was error, therefore, to give the instructions referred to on this point, and to refuse those asked by the defendant.

The judgment must, therefore, be

REVERSED.