VAN STEENBURG v. THE MILFORD WATER POWER IMPROVEMENT COMPANY.

1. **Finding of Fact by Court**: EVIDENCE TO SUPPORT ON APPEAL. Where a law action is tried to a court, the finding of fact made by the court is treated as the verdict of a jury, and will not be set aside on appeal, unless it evinces passion or prejudice, and cannot be supported under any reasonable view which may be taken of the evidence.

2. **Practice in Supreme Court**: PRESUMPTION IN FAVOR OF TRIAL COURT. Every reasonable presumption must be indulged in favor of the correctness of the action of the trial court; and so, where there was judgment for the defendant in a law case tried to the court, in which were several defenses, it must be presumed, in the absence of a contrary showing, that the judgment was based on a defense that was established by the evidence.

*Appeal from Clay Circuit Court.*

FRIDAY, OCTOBER 24.

THE petition states that the plaintiff is owner of a certain described piece of real estate, which lies contiguous to, and is bounded on the west by, Okoboji Lake, and that the defendant has erected a dam across the outlet of the lake, which has caused the water to rise and remain many feet above the natural level, thereby causing the banks of the lake to overflow, whereby his real estate has been greatly injured. The relief asked is, that the plaintiff recover a judgment for the damages thus caused, and that said dam be ordered torn down and abated. The defendant denied the allegations of the petition, and pleaded several defenses which it is unneces-

sary to state. Trial to the court, and judgment for the defendant. The plaintiff appeals.

*W. H. Baily* and *Stoneman, Rickle & Eastman,* for appellant.

*J. H. & C. Swan* and *Rice & Rice,* for appellee.

SEEVERS, J.—The evidence shows that there is a large extent of country which is drained into several lakes, which are connected together by either natural or artifical outlets and inlets. These lakes are known as Spirit, East and West Okoboji, and Upper, Middle and Lower Gar. Besides these, there is Loon Lake, and several others in Minnesota, which, in time of high water, have outlets into Spirit Lake. East and West Okoboji and the three Gar Lakes are practically on the same level. The plaintiff's premises were damaged in 1879 and 1881; and the evidence is such that it leaves no room for doubt that such damages were caused by high water in the lake. Both years are designated by the witnesses as being "wet seasons." The rainfall was more than usual. Besides, there were large accumulations of snow in the winter and spring of 1881. It being conceded that the plaintiff's premises were damaged by high water, the burden was on the plaintiff to show that it was caused by the dam which was erected across the outlet from Lower Gar Lake, through which the waters pass from the chain of lakes above mentioned into the Little Sioux River. A dam was constructed across the outlet as early as 1868, which was, however, torn out, and the present dam constructed, in 1875. Between 1868 and 1875, as we understand, another dam was constructed, which was also torn out. The evidence leads us to conclude that the present dam is higher than either of the prior ones. When we speak of the present dam, we have reference to the one in existence during the fore part of the year 1881, which, however, was torn down about the twenty-third day of September of that year,

*1. FINDING of fact by court: evidence to support on appeal.*

and whether it has been rebuilt we are not advised. We have read the evidence and arguments of counsel with great interest, and each of us separately has reached the conclusion that we cannot disturb the judgment of the district court. This is an action at law, and the rule upon this subject is that, unless the finding of fact made by the court, on which the judgment is based, evinces passion or prejudice, and cannot be supported under any reasonable view which may be taken of the evidence, then it may and should not be set aside. But the most favorable view which, under the evidence, can be taken for the plaintiff is that possibly different minds might reach different conclusions from the evidence, as to the question whether the high water in the lake was in fact caused by the dam, or whether it was produced by natural causes. The evidence, to say the least, is conflicting, and washings along the banks of the lake occurred prior to 1879. The dam was torn out about the twenty-third day of September, 1881, and more than one witness testified that they had measured the water in West Okoboji on the twenty-seventh and thirtieth of September, and on the fourth of October. Between the twenty-seventh and thirtieth of September, the level of the water had risen about six inches, and it was still higher on the fourth of October. The witnesses who so testify are not impeached or contradicted. We simply mention the facts above stated for the purpose of showing that there is evidence upon which the finding can be supported; and there is other evidence which tends in the same direction.

Counsel for the plaintiff insist that the judgment must have been based upon one or more of the affirmative defenses pleaded.

But it is insisted that the judgment cannot be sustained under such special defenses. If this last proposition is true, then we must presume that the court based the judgment upon the fact that, under the evidence, the plaintiff was not entitled to recover. The established rule is that every reasonable presump-

2. PRACTICE in supreme court: presumption in favor of trial court.

tion must be indulged in favor of the correctness of the action of the court. Doing this, we are unable to say that the court erred.

AFFIRMED.