## HUNT & CO. v. HIGMAN.

1. **Practice on Appeal:** PRESUMPTION IN FAVOR OF TRIAL COURT: CONSIDERATION OF IMPROPER EVIDENCE NOT EXCLUDED. On the trial of this case to the court below without a jury, defendant for good reasons objected to the admission of certain evidence, but the court reserved its ruling upon the objection, and admitted the evidence for the time being. The cause was decided at a subsequent term, but it does not appear that any ruling was made on the objection. *Held* that it must be presumed, on an appeal to this court, in the absence of a showing to the contrary, that the trial court did not consider the objectionable testimony in the determination of the cause.

2. **Amendment:** TO CONFORM PLEADINGS TO PROOF: STRICKEN FROM FILES. Where the allegations of an original answer would be sustained by the same evidence that would be necessary to sustain an amended answer, filed to conform the pleadings to the proof, *held* that there was no prejudicial error in sustaining a motion to strike the amended answer from the files.

3. **Contract:** BY LETTER: ACCEPTANCE MUST CORRESPOND WITH OFFER. A proposition by letter from plaintiffs to defendant to receive a certain note in payment, provided defendant would indorse it, is not accepted by a letter from defendant inclosing the note with a collateral agreement to guaranty its collection.

4. ———: OFFER BY LETTER: HOW ACCEPTED OR REJECTED. An offer made by letter is accepted or rejected from the time an answer is deposited in the mail, whether it is received by the other party or not.

5. **Payment:** BY NOTE OF THIRD PARTY: PRESUMPTION. The receipt by a creditor from his debtor of a promissory note of a third party will be presumed to be only a conditional satisfaction, *pro tanto*, of the original debt, unless it clearly appears that it was accepted as absolute payment. (See cases cited in opinion.)

*Appeal from Woodbury Circuit Court.*

FRIDAY, DECEMBER 17.

ACTION on two promissory notes. The defense pleaded was that defendant had delivered to plaintiffs a promissory note executed by the Marsh Binder Manufacturing Company, and that it was agreed between the parties that plaintiffs should receive said note as payment on the note sued on, but that they had neglected to credit the amount of said note

thereon. The case was tried to the court without the inter-
vention of a jury, and there was a judgment for plaintiffs
for the full amount of the notes. Defendant appeals.

*John N. Weaver*, for appellant.

*A. C. Strong*, for appellee.

REED, J.— I. Defendant moved the court to exclude cer-
tain portions of the evidence of a witness whose testimony

1. PRACTICE on appeal: presumption in favor of trial court: consideration of improper evidence not excluded.

was taken by deposition. The objection was
made when the deposition was offered to be read.
The record shows that the ruling on the objection
was reserved. The cause was taken under advise-
ment by the court, and was decided at a subse-
quent term; but it does not appear that any ruling was made
on the objection. A portion of the evidence objected to
related to the consideration of the notes sued on,—a matter
about which no question was made in the pleadings. It
was therefore irrelevant and immaterial; and that was the
objection urged against its admission. The witness was also
asked whether plaintiffs had received the note of the Marsh
Binder Manufacturing Company as payment *pro tanto* of the
debt which defendant was owing them, or as collateral secur-
ity; and he answered that they received it as collateral secur-
ity. His testimony showed, however, that the negotiation
under which the note was delivered to plaintiff was con-
ducted by a correspondence between the parties, and there
was no conflict in the evidence as to that fact. The nature
of the contract between the parties was to be determined,
therefore, from the correspondence that passed between them.
The statement of the witness as to the contract under which
plaintiff received the note was in the nature of a conclusion
drawn from the facts and circumstances of the transaction.
It was therefore incompetent; and that was an objection
urged against it.

If the circuit court had expressly ruled that this evidence

Hunt & Co. v. Higman.

was admissible, we would presume, as a matter of course, that it was considered, and weight given to it in the determination of the case. Counsel for defendant contends that, as the court omitted to make any ruling on the motion to exclude the evidence, the presumption should be indulged that it was received and considered. But we are warranted in disturbing the judgment of a trial court, in an ordinary action, only when it affirmatively appears that some prejudicial error was committed in the trial or proceeding in which the judgment was rendered. The presumption is in favor of the correctness of the action of the court. This rule has long been settled, and it is based upon the soundest considerations of policy. Under it we are required to presume that the circuit court, while it did not formally exclude the objectionable testimony, gave it no consideration in the determination of the case. *Van Steenburg v. Milford Water-power Imp. Co.*, 64 Iowa, 711.

II. After the cause had been submitted to the court, defendant filed an amendment to his answer for the purpose, 2. AMEND- as was alleged, of conforming the pleadings to MENT: to con- the proof. The original answer alleged that form plead-ings to proof: plaintiffs received the note of the Marsh Binder stricken from files. Manufacturing Company under an express contract between the parties that it was to be taken in payment *pro tanto* of the debt from defendant to them. By the amendment, the allegation that there was an express contract was withdrawn, and a state of facts was pleaded from which an agreement by plaintiffs to take the note in payment of the debt would be implied. It was also alleged, in effect, in the amendment, that plaintiffs had converted said notes to their own use. On plaintiffs' motion the amendment was stricken from the files. We think defendant was not prejudiced by this ruling.

The evidence which tended to prove the facts from which the agreement to take the note in payment would be implied had been introduced under the issue as it stood before the

amendment was filed. If it had been sufficient to prove those facts, defendant would have been entitled to avail himself of the defense under the issue as thus framed. The variance between the allegation in the original answer and the proof would have been immaterial, and would have been disregarded by the court, under Code, § 2686. In other words, the allegation that there was an express contract that plaintiff should take the note in payment of the debt would be sustained by proof of a state of facts from which an agreement to that effect would be implied. The allegation in the amendment that plaintiffs had converted the note was properly stricken out, on the ground that there was no evidence tending to support it.

III. It is insisted that the judgment is contrary to the evidence. As stated above, the negotiation between the parties, which resulted in the delivery of the note of the Marsh Binder Manufacturing Company to plaintiffs, was carried on by letter. On the twentieth day of May, 1884, (which was after the maturity of one of the notes sued on,) defendant wrote to plaintiff, asking for an extension of time thereon. In his letter he stated to them that he held the note of the manufacturing company, (which had been indorsed to him,) and offered to send it to them if they would receive it as payment *pro tanto* of his indebtedness to them. The answer of plaintiffs to this letter was not introduced in evidence, having been lost or destroyed; but there was parol evidence as to its contents. This evidence would warrant the finding that plaintiffs offered to receive the note as payment on the indebtedness if plaintiff would indorse it. On the twenty-sixth of June following, defendant transmitted the note to plaintiffs by mail, and in his letter of transmittal requested them to credit the amount on the notes in suit. He did not indorse it, however, but transmitted with it a writing by which he guaranteed the collection of it. No answer to that communication was introduced in evidence, and defendant

<div style="margin-left:2em">3. CONTRACT: by letter: acceptance must correspond with offer.</div>

testified that he never received an answer to it.  A member of plaintiffs' firm testified, however, that they mailed an answer to it to defendant, in which they advised him that they would not receive the note as payment on the indebtedness without his indorsement.  They did not return the note to him at that time, however, but retained it until a short time before this suit was instituted, when they tendered it to him.   But the maker of the note had become insolvent in the mean time, and defendant declined to receive it.   We think the judgment is not without the support of evidence.   If plaintiffs' offer was to accept the note as payment, provided defendant indorsed it, (and, as we have seen, the evidence would warrant the finding that such was their offer,) defendants' letter of the twenty-sixth of June, transmitting the note to him, was not an acceptance of that offer; for his guaranty of the collection of the note was a very different contract from the one upon which they had proposed to accept it.   That letter, however, should be treated as an offer by defendant to deliver the note upon the terms named in it.

If plaintiffs had retained the note and guaranty without objection, an acceptance of it on those terms would have been inferred, perhaps, from their silence.   But the circuit court was warranted by the evidence in finding that they wrote him immediately on receipt of the note, declining to accept it on the terms named in the letter of transmittal.  It can make no difference that this notice did not reach defendant. When a negotiation of this character is carried on by letter, the party to whom an offer has been made is held to have accepted or rejected it from the time his answer is deposited in the mail.  1. Pars. Cont., 483.   Plaintiffs' right of action for the full amount of the indebtedness evidenced by the notes in suit could be defeated, under the issue, only by proof that they accepted the note of the manufacturing company in absolute payment of the indebtedness.   *Kephart v. Butcher*, 17 Iowa, 240; *Gower v. Hal-*

4. ——: offer by letter: how excepted or rejected.

5. PAYMENT: by note of third party: presumption.

*loway*, 13 Id., 154; *McLaren v. Hall*, 26 Id., 297; *Farwell v. Salpaugh*, 32 Id., 582; *Huse v. McDaniel*, 33 Id., 406.

The court could well have found from the evidence that they did not so accept it.

<div align="right">AFFIRMED.</div>

ADAMS, CH. J.—I am not prepared to say, as the opinion holds, that, where improper evidence is received by the court, we can presume that the court virtually excluded it by allowing it no weight in its own mind in the determination of the case. It is doubtless the right of every party objecting to evidence to have an express ruling upon its admissibility, for, if a court can refuse to rule, and can allow the evidence weight or not in its own mind, as it sees fit, the party objecting to the evidence might be greatly prejudiced, and have no remedy. If, therefore, the court refuses to rule, as the appellant claims that the court did in this case, I think that its refusal should be deemed error.

But the record does not quite sustain the appellant. The court did not unqualifiedly refuse to rule upon the evidence. It reserved its ruling, and what the appellant excepted to was the action of the court in reserving its ruling. Now, in this alone, I do not see any error. The question of the materiality of evidence is sometimes one which cannot be determined with certainty until the court has a fuller understanding of the case. Where this is so, and where the trial is to the court, as in this case, I think that the ruling may properly enough be reserved for a time. The court should in such case afterwards make a ruling, and announce it. But it is possible that it may omit to do so through mere forgetfulness. I think, therefore, that where such ruling is reserved, and the court does not afterwards, upon its own motion, proceed to make the ruling, the party objecting to the evidence should move to exclude it; and if the court overrules the motion, or omits to rule upon it when made, at the proper time, I think that its omission might properly be assigned as

error. The appellant might have made such motion after the evidence was all in, but this was not done.

While therefore, I reach the same result as is reached in the opinion of Mr. Justice REED, I do so upon a somewhat different ground.