FOSTER *et al.* v. HINSON *et al.*

1. **Jury Trial:** RIGHT TO: AMENDMENT AFTER ORDER FOR TRIAL TO COURT: DISCRETION OF COURT. When a cause is set down for trial to the court without a jury, and no exceptions are taken thereto, it must be presumed, in the absence of any showing to the contrary, that it is done with the consent of all parties, and if amendments are afterwards filed and new parties brought in, and the situation is so changed that some of the parties desire a jury trial, they are not then as a matter of right entitled to it, but it is a question for the sound discretion of the court; and this court will not interfere with the exercise of such discretion unless it is made to appear that it has been abused.

2. **Practice:** SETTING DAY FOR TRIAL: DISCRETION OF COURT: WAIVER. The proper and efficient conduct of the business before trial courts absolutely demands that a large discretion be reposed in them in regard to the assigning of causes for trial, and the exercise of such discretion will not be interfered with unless it appears that a wrong has been done or a right invaded. But error, if it be conceded, in setting a cause for trial on a certain day is waived, when it is afterwards set for an earlier day, and no objection is made to such order.

3. **Continuance:** ABSENCE OF WITNESS: DILIGENCE. After this cause had been set down for trial on a certain day, defendants saw one of their witnesses, and he agreed to be present at the trial, but he was not subpœnaed, and he failed to appear. *Held* that this was not such diligence as entitled them to a continuance on account of his absence.

4. **Evidence:** INCOMPETENT: ADMISSION, ON TRIAL TO COURT, SUBJECT TO OBJECTION: PRESUMPTION AS TO PREJUDICE. In a law action tried to the court, where evidence objected to is admitted "subject to the objection," and it appears to this court that the objection was well taken, it will yet be presumed, in the absence of a contrary showing, that the court did not consider the evidence, and that the error was, therefore, without prejudice. (*Hunt v. Higman*, 70 Iowa, 406, *followed*; *Williams v. Soutter*, 7 Iowa, 435; *distinguished.*)

5. **Pleading**: INCONSISTENT · CLAIMS IN DIFFERENT COUNTS. A plaintiff may in the same action, in different counts, join a claim to recover rent of real estate under an implied contract, and also a claim for damages for the wrongful occupation of the same real estate for the same time. In this case the first claim was set up in the original petition, and the second one in an amendment. (See Code, sec. 2630, and *Jack v. Des Moines & Ft. D. Ry. Co.*, 49 Iowa, 627.)

6. **Former Adjudication**: TITLE TO REAL ESTATE. In an action to recover for rent and for the wrongful occupation of · real estate, defendants could not question plaintiffs' title, because, in former actions, defendants assailed the same title and were defeated, and as to them that matter was adjudicated. (See cases cited in opinion.)

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, OCTOBER 9, 1888.

*C. L. Poor*, for appellants.

*John C. Power*, for appellees.

SEEVERS, C. J.—In May, 1886, Keziah Foster, one of the plaintiffs, commenced this action, and claimed in her petition that she was the owner of the undivided one-third part of certain real estate, and that defendants had occupied the same with her knowledge and consent; and the relief asked was that she recover of the defendants the rental value thereof. The defendants answered this petition in June, 1886, and, among other things, pleaded that Sarah Bailey was a necessary party to the action. In October, 1886, an amendment to the petition was filed, in which it was stated that the defendants wrongfully withheld possession of the real estate from her, and thereby she was damaged, and she asked judgment therefor, and for the possession of the property. The defendants moved the court to strike the amended petition from the files. The motion was overruled. In February, 1887, the cause was set down for trial to the court, and afterwards, in the same month, the jury was discharged for the term. An amended and substituted

petition was filed, and thereby Sarah Bailey was made a party plaintiff, and it was stated that the plaintiffs were each the owners of an undivided one-third part of the real estate, and the allegations of the petition and amended petition were repleaded or reaffirmed, and an additional sum claimed as damages, and judgment was asked therefor. Afterwards the plaintiffs, in a proper manner, changed the last petition, and designated it as an amended and supplemental petition, and the defendants filed a motion to strike it from the files. This motion was overruled. A further amendment to the petition was filed on the seventeenth day of March, and one or two motions which are not deemed material. On the eighteenth day of March, 1887, the court ordered that this cause be set for trial to the court, without the intervention of a jury, on the twenty-ninth day of March, and gave defendants until the twenty-fourth day of said month to file answers. This was done at the stated time, and a reply thereto was filed. On the twenty-first day of March this cause was specially assigned by the court for trial on the twenty-fourth day of the same month. On said day an application, supported by affidavit, for a continuance was filed, based on the ground of the absence of a witness. This motion was overruled, and there was a trial to the court, and judgment rendered for the plaintiffs for the possession of the real estate, and for damages,—as we are authorized to infer, for the unlawful detention of the real estate,—and the defendants appeal.

I. It is insisted that the defendants were entitled to a trial by jury. When the case was set for trial to the court no exceptions were taken. It must be assumed, in the absence of any showing to the contrary; that this order was made with the defendants' consent. Subsequently amendments to the petition were filed, and an additional person made a party plaintiff; and appellants contend that these facts so changed the situation as to entitle them to demand as a matter of right a trial by jury, or, if not, that the claims of the plaintiffs

1. JURY trial: right to: amendment after order for trial to court: discretion of court.

were so altered as to give them such right, or, if not, then that the court abused its discretion in refusing them a trial by jury. It will be observed that after the order was made for a trial to the court the jury were discharged for the term, and that, if there could not be a trial to the court, then there must have been a continuance. When a party consents under such circumstances that there shall be a trial to the court, it must and should be understood that the cause might be so tried, It is true, the abstract states that the order was that the cause should be so tried on the issues made by the pleadings, but the correctness of the abstract in this respect is denied in an amended abstract, and the correctness of the latter must be assumed. When a cause is set down for trial, we think the parties, under our liberal practice as to amendments, must have contemplated, or were bound to know, that the pleadings might thereafter be amended, and that neither party was bound to go to trial on the precise issues then made, but that they might be reasonably changed, at least, and yet the parties remain bound by the waiver of a trial by jury. The defendants, therefore, were not entitled to a trial by jury as a matter of right. It will be conceded that the pleadings may be so materially amended as to present entirely different issues, which neither party could have reasonably contemplated when they consented to a waiver of trial by jury, and therefore it would be a matter within the discretion of the court whether they or either of them should not be permitted to withdraw such consent, and, if such discretion is abused, the error of the court may be corrected on appeal. Whether such discretion has been abused should not be left in doubt, but made clearly to appear. The orderly conduct of trials and the proper dispatch of business by the trial courts imperatively demand that this should be the rule. Tested thereby, we are unable to say there has been such abuse in this case. It is true, the pleadings were changed, but not radically so. In the main the same matters were pleaded in the several petitions and amendments thereto. Somewhat different

Foster v. Hinson.

claims were made by the plaintiffs, but their right to recover was not, we think, materially changed. The introduction of a new party plaintiff made no material difference, except as to the measure of relief that might be granted. Her right to recover was based on the same ground as her co-plaintiff. When the first order was made, with the consent of the parties, setting down the cause for trial to the court, no day was fixed for the trial. Subsequently the court ordered that the case should be tried on the twenty-ninth day of March. We cannot say that, in so doing, the court abused its

2. PRACTICE: setting day for trial: discretion of court: waiver.

discretion. It was proper to fix some day, and we are unable to see any valid objection to the day fixed upon. It is said the issues were not made up, and that it could not be then known whether the issue presented would be one of law or fact. But this is immaterial, as in any event the trial was to be to the court. We can readily see that a large discretion must be reposed in the trial court in relation to such matter. The proper and efficient conduct of the business before trial courts absolutely demands that such orders should not be regarded by this court as prejudicially erroneous, unless it clearly appears that a wrong has been done, or a right invaded. We cannot say that either was done by the trial court in this case. Afterwards the cause was specially assigned by the court for trial on the twenty-fourth day of March, and to this order no exception was taken. It must be assumed, therefore, that the defendants consented that the case should be tried on the last-named day, thereby waiving the error,—conceding that the order setting the case for trial on the twenty-ninth was erroneous.

II. It is said the court erred in overruling the motion for a continuance based on the absence of a

3. CONTINUANCE: absence of witness: diligence.

witness. When the trial was fixed for the twenty-fourth, without objection, it was the duty of both parties to be ready at that time, or at least to use reasonable diligence to get ready.

The absent witness was not subpœnaed, but the defendants had seen him, and he promised to attend the trial, but failed to do so. This cannot be regarded as reasonable diligence, and it is not claimed, we think, that ordinarily it would be sufficient. It is insisted, in substance, that this case is peculiar and exceptional, but it is not so much so as to excuse the issuing of a subpœna, and making at least an attempt to serve it. Certainly, there was ample time to procure a subpœna, and it does not appear that it could not have been served.

III. Certain evidence was offered by the plaintiffs, to which the defendants objected on the ground that it was "incompetent, irrelevant and immaterial." The objection was overruled, and the "evidence admitted subject to the objection." To this ruling of the court the defendants excepted. Conceding that the objection should have been sustained, the question remains whether we can indulge the presumption that the evidence was considered by the court in making the findings upon which the judgment is necessarily based. It will be observed that the evidence was received subject to the objection, and in this respect this case differs from *Williams v. Soutter*, 7 Iowa, 435. As the evidence was admitted subject to objection, it cannot be said, with the required certainty, that it was considered by the court, for error must affirmatively appear. The question under consideration was considered and determined in *Hunt v. Higman*, 70 Iowa, 406, and, following that case, we are required to hold that it does not appear that the alleged error was prejudicial.

*4. EVIDENCE: incompetent: admission, on trial to court, subject to objection: presumption as to prejudice.*

IV. It is said the plaintiffs claimed to recover upon the ground that defendants occupied the land in controversy with the knowledge and consent of the plaintiffs, and therefore evidence tending to show that the defendants were in possession without the consent of and against the will of the plaintiffs was inadmissible. When the case was tried an amended petition was on file;

*5. PLEADING: inconsistent claims in different counts.*

under which the evidence was clearly admissible. The real question, then, is whether the plaintiff can make inconsistent claims in different counts of his petition, and introduce evidence to support one or both ; that is, whether he can join in the same action a claim to recover rent of real estate under an implied contract, and also to recover damages for the wrongful occupation of the same real estate. We think such causes of action under the statute may be joined. Code, sec. 2630 ; *Jack v. Des Moines & Ft. D. Ry. Co.*, 49 Iowa, 627.

V. It is said the court erred in failing to find that the defendant had planted a crop on the premises in controversy, and that this became and was a material question under section 3265 of the Code. It is sufficient to say that under the well-settled practice we cannot disturb the findings of the court. It is also said that the conveyance of the real estate under which the plaintiffs claim is absolutely void, and therefore the court erred in rendering the judgment it did. But, as we understand the record, the appellants commenced actions to set aside such conveyance, and were defeated. This, we understand, constitutes an adjudication of the question urged by counsel. The appellants were required to plead and set up in such actions all the grounds upon which the validity of the conveyance could be assailed which then existed. Freem. Judgm., sec. 249 ; *Hackworth v. Zollars*, 30 Iowa, 433 ; *Dewey v. Peck*, 33 Iowa, 242.

6. FORMER adjudication : title to real estate.

                                           AFFIRMED.