STATE OF IOWA V. B. ARIE, Appellant.

**Liquor Nuisance: PRESUMPTION.** The finding of liquor in a place
not a private house is presumptive evidence that the person in
possession of the premises kept it for the purpose of illegal sale.

SAME. On a trial for keeping a liquor nuisance an instruction that if
in defendant's absence his employes in charge of his place of
business received and stored liquor in his building, it will be pre-
sumed that in so doing they acted with defendant's authority and
consent was correct. *State v. Ballingall*, 42 Iowa, 87, and *State
v. Hayes*, 67 Iowa, 30, *distinguished.*

*Appeal from Boone District Court.*—HON. S. M. WEAVER,
Judge.

WEDNESDAY, OCTOBER 2, 1895.

The defendant was indicted and convicted, of keep-
ing a liquor nuisance, and appeals.—*Affirmed.*

*Dyer & Stevens* for appellant.

*Milton Remley*, attorney general, for the state.

Kinne, J.—I.   In the sixth paragraph of his charge
the court told the jury that the finding of beer in the
possession of any person except in a private house or
its dependencies is presumptive evidence that it was
kept for sale in violation of law; hence, if they found
from the evidence that beer was seized in the building
described in the indictment, and at that time the
defendant was the proprietor, owner, occupant, or ten-
ant in possession of such building, then the burden is
cast upon him to rebut the presumption of guilt.
The same thought is found in the seventh para-
graph, and the jury were also told:   "If, in the
absence of the defendant, his clerk, employes, or agents

in charge of his place of business received and stored the beer in his said building, it will be presumed that in so doing they acted with his authority and consent." It is claimed that it was not shown that the basement in which the liquors were seized was in the possession or under the control of the defendant, and hence the beer was not in his possession. The evidence clearly shows that the building in which the beer was seized was used by the defendant as a pop factory and bottling works. It is claimed in argument, but the record does not so show and that this cellar was not used by defendant. The evidence showed that access to this basement was had only through the inside of the building. Defendant occupied the building. The evidence was abundant, in the absence of anything to the contrary, to show that defendant, when the beer was seized, occupied and controlled the building. The law makes a presumption from the finding of beer in such a place that it was kept for the purpose of illegal sale. Acts Twenty-first General Assembly, chapter 66, section 8. It was established by many witnesses that defendant was engaged in the business of selling beer. There is no pretense that he was lawfully authorized to sell. The act above quoted makes proof of actual sale presumptive evidence of illegal sale. Clearly, when the state has shown that the beer was seized in a place which was in defendant's possession, not a private house, these presumptions obtain until overcome, and the burden is on the defendant to overcome them. It is insisted that the burden was on the state to show that the defendant assented to the illegal use of the property over which he had control, and we are cited to the case of *State v. Ballingall*, 42 Iowa, 87, and cases therein cited. That case was decided under a statute materially different from that now under consideration, and upon which the indictment in this case is

based. The case is not authority for defendant's contention. *State v. Hayes*, 67 Iowa, 30 [24 N. W. Rep. 575], is also relied upon. In that case the defendant was indicted for a nuisance. He introduced evidence showing that he kept liquors for sale for lawful purposes under a permit, and that all sales made by him were made in accordance with law. In discussing his liability for sales made by his clerk it was held that the unlawful intent on the defendant's part must be established. In the case at bar the statute now in force establishes the unlawful intent from the finding of the beer in his place of business, and such presumption, in the absence of evidence to the contrary, is sufficient to show such intent. There being no evidence offered to overcome the statutory presumption from the finding of the beer on defendant's premises, and he having no permit to sell the same, the instructions complained of were correct.

II. It is said that the court erred in refusing to instruct the jury that the mere finding of the liquor upon the premises described in the indictment was not sufficient to warrant them in finding the defendant guilty, but it must also be shown that the liquor was kept there with the knowledge and consent of the defendant, and with the intent to sell in violation of law. Counsel apparently lose sight of the provision of the statute heretofore referred to, which creates the presumption from the finding of liquors that they were kept with the intent to sell the same in violation of law. It was not incumbent upon the state to show that the liquors were kept on the defendant's premises with his knowledge and consent. Under the law, the fact that they were found in his premises was presumptive evidence that they were so kept with intent to sell in violation of law; and, if such was not the fact, the defendant should show it.

III. It is said that the verdict is not supported by the evidence. The evidence showed that many kegs of beer were found in the cellar of defendant's pop factory. It does not appear that he had a permit to sell it. The law therefore presumes he thus kept it for the purpose of illegal sale, and there is no evidence to the contrary. In addition to this, as we have said, it appears that he was selling beer. It may be admitted it does not appear that he had made sales from the pop house, but he had been selling beer to druggists and others. In most cases, however, the beer seems to have been shipped from St. Louis, Mo., direct to the purchasers, though it does not appear that this was done in all cases. Whatever hardship there may be in the enforcement of this law, we are powerless to remedy. The defendant was charged with having committed a nuisance in the selling, or keeping with intent to sell, in his pop factory, intoxicating liquors, in violation of law. The liquors were found in his place of business, and, as we have said, the law presumes the illegal intent to sell under such circumstances, when unexplained. If his possession of the beer was without intent to sell the same in violation of law, it rested upon him to establish that fact.

Other errors are assigned. We have examined all of the questions made, and find no error.—*Affirmed.*