## GEORGE B. WRIGHT AND M. J. WRIGHT V. THE FARM- ERS MUTUAL LIVE-STOCK INSURANCE ASSOCIATION, Appellant.

**Construction: INSURANCE.** An insurer, in settlement of a loss, agreed in writing to pay insured three hundred dollars, it being further 1 agreed that the insured should promote the interests of the company to the best of his ability. *Held,* this writing is complete and the articles and by-laws of the insurer and application of the insured cannot be used to construe it into an agreement that an *assessment* for three hundred dollars should be made.

**RATIFICATION.** If such agreement was unauthorized, the fact that 3 the association kept it, paid upon it, and did not disavow it till action was brought upon it, ratifies it.

**EVIDENCE.** Articles and by-laws are not admissible without identi- 2 fication.

**PRACTICE.** Where testimony for defendant is received subject to 2 objection and there is judgment for plaintiff, it will be presumed on appeal that such evidence was not considered.

*Appeal from Lucas District Court.*—HON. W. D. TIS- DALE, Judge.

### THURSDAY, DECEMBER 12, 1895.

Action at law upon a contract made by defendant through its secretary, S. W. Johnson. Defense, want of authority in the secretary to make the contract, and a claim that the instrument is not an absolute promise to pay a sum certain, but when construed with the articles of incorporation and by-laws of the defendant company, amounted to no more than a promise to pay the amount realized from the assessments made upon the members of the association. Trial to the court without a jury. Judgment for plaintiffs, and defendant appeals.—*Affirmed.*

*Read & Read* for appellant.

*J. A. Penick* for appellees.

Deemer, J.—The contract upon which the action is predicated is as follows: "Chariton, Iowa, August 22d, 1893. The Farmers' Mutual Live-Stock Insurance Association, of Des Moines, Iowa, hereby agrees to pay to George B. Wright, of Chariton, Iowa, the sum of $300.00, also his two promissory notes, in compensation for loss of horse Highland Chief, given to said association as compensation for membership fees and dues. In consideration of this settlement, the said George B. Wright agrees to do and say anything he can in favor of said association, and to advance the interests of said association in any and all ways he can. Farmers' Mutual Live-Stock Insurance Association, by S. W. Johnson, Secretary. Credit on the above $108.37, Nov. 25th, 1893." This is clearly an absolute promise on the part of the appellant to pay the appellees three hundred dollars, without condition or qualification. It is claimed, however, that it should be considered in connection with the articles of incorporation and by-laws of the defendant company, and with the application made by the appellees for insurance, and that, when so construed, it merely fixes the amount for which appellees are entitled to have assessments made. The record, however, discloses no reason why this apparently complete and absolute promise should be so construed, and we can conceive of none. It was given in settlement of a loss sustained by plaintiffs while members of defendant company, and is an absolute promise to pay, without conditions or limitations.

II.   Defendant also insists that the contract, if it be construed to be an absolute promise, was and is in *ultra vires*, because the secretary of the company had no authority to make such a promise. To prove his want

of authority, defendant offered in evidence what purported to be some of the articles of incorporation and by-laws of the company. To these the plaintiff objected as incompetent. Thereupon the following record was made: "The Court: Unless there is some proof that these are the articles of incorporation, I do not think this is competent. Received subject to objection." No other record regarding this testimony was made, except as it may be inferred from the final judgment entered, which was for the plaintiffs. As error must affirmatively appear, and as the presumptions are in favor of the action of the trial court, we must assume that the court did not consider these documents, for they were clearly incompetent, unless identified. If defendant desired a more explicit ruling on the objection it should have been asked. *Foster v. Hinson,* 76 Iowa, 714 (39 N. W. Rep. 682); *Hunt v. Higman,* 70 Iowa, 406 (30 N. W. Rep. 769). But we think the judgment is justified because there is evidence from which the trial court may have found a ratification of the contract by the defendant, even if it be conceded that it was without authority. The defendant, in its answer, admitted that it had a copy of the contract in its possession, and that it not only did not disavow the same, but made payments to the plaintiffs after the contract was entered into. The judgment of the district court is clearly right, and it is *affirmed.*