IN RE ESTATE OF MARGARET A. NEWTON.

EDWARD E. HOLMES, Executor, Appellee, v. ROBERT H. HOLMES et al., Appellants.

**APPEAL AND ERROR:** Review—Law Actions—Trial to Court—
1 Finding Has Effect of Verdict. The finding of the trial court has the weight of a verdict of the jury.

**EXECUTORS AND ADMINISTRATORS:** Allowance of Claims—Suf-
2 ficiency of Evidence—Services Performed. Evidence reviewed, and held to sustain finding of trial court that claimant furnished services to deceased with intention to demand pay, and that the decedent was indebted to him therefor.

**EXECUTORS AND ADMINISTRATORS:** Allowance of Claims—
3 Good Faith of Executor. Testimony by executor that a brother of claimant's had made statements to him that decedent, the mother of claimant, had said that she wanted the claimant to put in a claim after her death, was competent, not as establishing the claim, but as bearing upon the good faith of the executor in allowing said claim, and as negativing a charge of fraud and collusion.

**APPEAL AND ERROR:** Review—Presumptions—Disregarding Incom-
4 petent Evidence. On an appeal, it will be presumed that the trial court, in making its findings, considered evidence only so far as the same was material and competent.

**WITNESSES:** Competency—Transaction with Deceased. In a hear-
5 ing on the objection to an allowance of a claim, the wife of the claimant can testify as to a conversation overheard by her between claimant and decedent, in which she took no part.

*Appeal from Greene District Court.*—E. G. ALBERT, Judge.

APRIL 15, 1919.

APPEAL by objectors from an order in probate.—*Affirmed.*

*E. B. Wilson,* for appellants.

*J. A. Henderson* and *Howard & Sayers,* for appellee.

STEVENS, J.—I. This appeal is from the order of the court below, overruling objections to the annual report of Edward E. Holmes, executor of the estate of his mother, Margaret A. Newton. The objectors and appellants herein are his brother and sisters. The will of Margaret A. Newton was admitted to probate in Greene County, March 31, 1914, and shortly thereafter, appellee qualified as executor of her estate. On October 6th thereafter, David A. Holmes, a brother of executor's, filed a claim in the office of the clerk of the district court of said county for $1,500 for services alleged to have been rendered by him to her in the management of her farm and business from January 1, 1902, to February 3, 1914, which claim was allowed in full, together with $60 interest, on March 2, 1916, without an order of court. The executor reported the allowance and payment of said claim in his first annual report, and appellants filed objections to the approval of said report. A hearing was had thereon, resulting in the court's overruling the objections and approving the report.

In argument, counsel for appellant contends: (a) That the evidence does not support the finding of the court, and that it shows that the claim was allowed and paid by the executor in collusion with the claimant, and in fraud of the rights of appellants; (b) that the claim was paid without the approval or the authority of the court; (c) that the court should have reviewed the claim and allowed what was justly due, if anything, thereon, instead of overruling the objections to the report.

Respecting the allowance of the claim by the executor,

the evidence shows that he investigated the merits thereof, to some extent at least, before payment thereof, and consulted with his brother G. L. Holmes and with Mary Galbraith, one of the objectors. He testified that he was informed by his brother G. L. Holmes that deceased told him, shortly before her death, that the claimant had always taken care of her, and for him to put in a claim against her estate. He was also informed by the wife of claimant that she heard deceased tell her husband, shortly after her will was signed, to put in a claim for the services rendered to her by him, and to make it a big claim. The information thus obtained, together with answers to other inquiries made by the executor, induced him to allow and pay the claim in full.

Claimant was married, and resided on a farm within a mile and a half of one of the farms of deceased. Various witnesses examined on behalf of appellee testified to business transactions with claimant, in which he acted for his mother. It appears that he marketed the products of her farm for her, often purchased material, and directed repairs and improvements thereon; and that she frequently consulted with and relied upon him generally in business matters, although apparently not exclusively. But one of the objectors was sworn as a witness, and the testimony given by him was unimportant. Other witnesses gave testimony concerning transactions with Mrs. Newton during the latter years of her life in which claimant took little or no part. From this testimony it would appear that deceased continued, to some extent at least, to transact business for herself, but the preponderance of the testimony shows that she also, to a considerable extent, relied upon the judgment of claimant. Before her death, claimant borrowed $1,016.17 from his mother, giving his note therefor. This fact is urged as a strong circumstance tending to show that deceased was not indebted to claimant, and that

1. APPEAL AND ERROR: review: law actions: trial to court: finding has effect of verdict.

he did not intend to demand payment for services rendered by him. While there is merit in the contention of counsel at this point, this transaction is by no means conclusive. The finding of the court has the weight of the verdict of a jury, and the preponderance of the evidence tends to sustain its finding. The evidence wholly fails to establish appellants' charge of fraud in the allowance and payment of the claim.

*2. EXECUTORS AND ADMINISTRATORS: allowance of claims: sufficiency of evidence: services performed.*

II. Counsel for appellants also complain of the ruling of the court upon objections to certain testimony offered on behalf of the executor. The executor was permitted to testify to a conversation with his brother G. L. Holmes, in which the latter stated to him that deceased told him, shortly before her death, that claimant had always taken care of her, and that she wanted him to put in a claim against her estate therefor. This testimony was offered as bearing upon the good faith of the executor in the allowance and payment thereof, and not to establish same. It tended also to negative the charge of fraud and collusion. The evidence was clearly admissible for this purpose, and it will be presumed that the court considered the same only so far as it was material and competent. *Finnegan v. City of Sioux City,* 112 Iowa 232; *Wright v. Farmers Mut. L. S. Ins. Assn.,* 96 Iowa 360.

*3. EXECUTORS AND ADMINISTRATORS: allowance of claims: good faith of executor.*

*4. APPEAL AND ERROR: review: presumptions: disregarding incompetent evidence.*

III. The wife of claimant was permitted to testify to a conversation which she claimed she overheard between her husband and deceased, and in which she took no part. The objection to this evidence was properly overruled. *Johnson v. Johnson,* 52 Iowa 586; *Lines v. Lines,* 54 Iowa 600; *Allison v. Parkinson,* 108 Iowa 154; *McElroy v. Allfree,* 131 Iowa 112.

*5. WITNESSES: competency: transaction with deceased.*

Other objections to the admission of evidence offered by appellee, and to the refusal of the court to strike the answers of the witnesses, which are urged in argument by counsel, do not require separate consideration, as we find no reversible error in the record.

It follows that the order and judgment of the court below are—*Affirmed.*

LADD, C. J., EVANS and GAYNOR, JJ., concur.