GOOD ROADS MACHINERY COMPANY, Appellant, v. A. G. OTT, Appellee.

APPEAL AND ERROR: Review—Presumptions—Equity Causes—
1 Disregarding Incompetent Evidence. Where the record does not disclose a final ruling on objection to testimony, it will be presumed that the findings and judgment of the court were based only upon competent evidence.

EVIDENCE:   Parol as Affecting Writing—Fraud-Induced Contracts.
2   While parol evidence is not admissible to vary or alter a
statement of a written contract, it is always admissible to
prove fraud in the procurement thereof; but, if said evidence
fails to establish fraud, accident, or mistake, the written con-
tract will be enforced.

SALES:   Construction of Contract—Fraud.   Evidence reviewed, and
3   *held* that, where a contract for sale and a contract for agency
were both part of the same transaction, and signed at the same
time, the court was justified in construing them together, and
in holding that the defendant was misled and deceived by
plaintiff's agent, and induced to sign a contract for sale by the
representation that he was only assuming the obligation of an
agent under the contract.

APPEAL AND ERROR:   Review—Questions of Fact, Verdicts, and
4   Findings—Finding of Trial Court.   The finding of the trial
court on all questions of facts will be given the weight and
effect of a verdict by the jury, and the appellate court is not
required to review or discuss the same in detail.

EVIDENCE:   Parol as Affecting Writing—Fraudulent Representa-
5   tions.   Where a contract for purchase of machinery provided that
"this order embodies the entire understanding that it is not
subject to countermand and is not affected by any verbal agree-
ment," evidence is not excluded which tends to show that a
party was induced to sign the contract by a fraudulent repre-
sentation on the part of the other party.

*Appeal from Mitchell District Court.*—M. F. EDWARDS,
Judge.

APRIL 15, 1919.

REHEARING DENIED JULY 7, 1919.

ACTION to recover the purchase price of certain ma-
chinery which plaintiff claims to have sold and delivered
to the defendant. There was a trial to the court, resulting
in a dismissal of plaintiff's petition, and judgment against
it for costs.   Plaintiff appeals.—*Affirmed.*

*George E. Marsh,* for appellant.

*Wm. H. Salisbury,* for appellee.

Stevens, J.—I.  Plaintiff, in its petition demands judgment against the defendant for $359.33, alleged to be due it as the purchase price of certain road machinery sold to defendant by contract in writing, dated October 5, 1914.  Defendant admits that he signed the contract, but seeks to avoid liability thereon upon the ground that he was induced to do so by certain fraudulent representations and promises made to him by plaintiff's agent.  The evidence, without conflict, shows that another contract, by the terms of which defendant became plaintiff's agent for the sale of certain road machinery for Mitchell County, Iowa, was entered into between the same parties on the same day, and as a part of the same general transaction; that plaintiff's agent, on the occasion in question, visited defendant, and inquired whether he wanted to handle the Good Roads machinery; that defendant answered in the negative; that the agent then said, in substance, that he would like to have him handle it on commission; that defendant would have to pay out no money; that he could pay for the machinery as sold; that the machinery could lie there; and that, if defendant quit handling it, he (the agent) would get somebody else to take it; that defendant would have no machinery left on hand to pay for; that defendant told the agent that, under those circumstances, he would sign the contracts; that both contracts were then presented and signed by him.  The foregoing are, in substance, the representations relied upon.  Defendant further stated that he would not have signed the contract but for the representations of plaintiff's agent.

Counsel for plaintiff objected to substantially all of the evidence offered on behalf of defendant, upon the grounds that it was immaterial, irrelevant, and incompe-

tent, and tended to vary, alter, and change
the terms of the written contract.   Ruling
upon the objections was reserved by the
court.  The record fails to disclose a final
affirmative ruling thereon;   but it may
be inferred from the court's decision that
some of the evidence to which objection was made was con-
sidered by the court in making up its decision.   It will, how-
ever, be presumed that its finding and judgment were based
only upon competent evidence.   *Hunt & Co. v. Higman*, 70
Iowa 406;  *Spelman v. Gill*, 75 Iowa 717;  *Foster v. Hinson*,
76 Iowa 714;  *Wright v. Farmers Mut. L. S. Ins. Assn.*, 96
Iowa 360;  *Matthews v. Luers Drug Co.*, 110 Iowa 231;  *Fin-
negan v. City of Sioux City*, 112 Iowa 232;  *Willis v. Weeks*,
129 Iowa 525.

1. APPEAL AND ERROR: review: presumption: equity causes: disregarding incompetent evidence.

Defendant testified that he believed the statements and
representations of plaintiff's agent, relied thereon, and was
thereby induced to sign the contracts.   A jury was waived,
and the trial was had to the court, result-
ing, as stated, in the dismissal of plaintiff's
petition, and a judgment against it for
costs.

2. EVIDENCE: parol as affecting writing: fraud-induced contracts.

Authorities need not be cited to the
point that parol evidence is not admissible to vary or alter
the terms of a written contract;  but parol evidence is al-
ways admissible to prove fraud in the procurement thereof,
and thereby to impeach the same.   If, however, the parol
evidence introduced fails to establish fraud, accident, or mis-
take, the contract will be enforced.   *McCormick Harv. Mach.
Co. v. Williams*, 99 Iowa 601;   *Providence Jewelry Co. v.
Fessler*, 145 Iowa 74;  *Lavalleur v. Hahn*, 152 Iowa 649;
*Pictorial Review Co. v. Fitz Gibbon & Son*, 163 Iowa 644;
*Blumer v. Schmidt*, 164 Iowa 682, 683;  *Houge v. St. Paul F.
& M. Ins. Co.*, 174 Iowa 607.

As before stated, both contracts were signed at the same

time and as a part of the same general transaction, and both
related to the purchase and sale of road machinery. The
instrument upon which suit is based is, in form, an order
for the following goods: 1 National Rev.
Grader, $175; 1 Little Winner, $110; and
6 Six-Way Drags at $11.50, $69; which de-
fendant therein agrees to receive and pay
the freight on from the factory, and to settle with plaintiff
therefor by the payment of $354 at the Citizens National
Bank, Des Moines, Iowa, on or before November, 1915.

3. SALES: con-
struction of
contract:
fraud.

The order provided further that title to the machinery
should remain in plaintiff until the purchase price was fully
paid, and required defendant to forward to plaintiff imme-
diately the amount received for machinery sold, whether in
cash, notes, or warrants, and that the notes, checks, drafts,
money orders, or other evidences of payment received should
be drawn to the order of plaintiff.

By the terms of the other contract, defendant agreed
to become agent for the sale of plaintiff's machinery, with
the exclusive agency for Mitchell County, until November
1, 1915. This contract also provided that title to machinery
ordered and delivered to defendant thereunder should re-
main in the seller until paid for, and contained a provision
similar to that of the contract in suit for the immediate
remittance to plaintiff of the list price of machinery as sold.
Following the above transactions, the machinery specified
in the contract was delivered to defendant, and a portion
thereof was sold and immediately paid for out of the pro-
ceeds derived therefrom, defendant retaining the difference
between the list price and the price received by him.

The record also discloses that plaintiff frequently wrote
defendant, tendering assistance in the sale of machinery,
and, upon one or two occasions, advised him of prospective
customers for the purchase of machinery.

It is urged by counsel for appellant that the instrument

in suit is plain and unambiguous in its terms, and that defendant must have fully understood the meaning and effect thereof; but, when construed together with the agency contract, and in the light of the circumstances and undisputed evidence of the transaction on October 5th, the court may well have believed that defendant was misled and deceived by plaintiff's agent, and induced to sign the contract by the representations made by him that defendant was only assuming the obligation of an agent. His future course of dealing with plaintiff was apparently entirely consistent with the claim he now makes, and affords some corroboration therefor. The finding of the court below upon all questions of fact will be given the weight and effect of the verdict of a jury, and we are not required, therefore, to review or discuss the same in detail.

4. APPEAL AND ERROR: review: questions of fact, verdicts, and findings: finding of trial court.

II. But one other contention of counsel for appellant requires notice, and that is with reference to the following provision of the contract:

"This order embodies the entire understanding, is not subject to countermand, and is not affected by any verbal agreements."

5. EVIDENCE: parol as affecting writing: fraudulent representations.

Evidence tending to show that defendant was induced to sign the contract by fraudulent representations by the plaintiff is not excluded by this provision thereof. Such was our holding in *Bonewell & Co. v. Jacobson,* 130 Iowa 170.

As we find no ground in the record for a reversal, the judgment of the court below is—*Affirmed.*

LADD, C. J., EVANS and GAYNOR, JJ., concur.