W. H. JOYNER et al., Petitioners, v. HUBERT UTTERBACK, Judge, et al., Respondents.

**APPEAL AND ERROR:** Presumptions—Refusal to Rule on Objections. 1,3,5 In contempt proceedings for the violation of an injunction against the unlawful sale of intoxicating liquors, it will be presumed, on certiorari, that *incompetent* testimony which was received in the trial court "subject to objection" was not given any consideration in the final determination, *the record revealing other competent testimony amply supporting the verdict.*

STEVENS, J., concurs specially.

**INTOXICATING LIQUORS:** Contempt — Identification of Seized 2 Liquors. Liquors found by a chemist to contain alcohol are not admissible in contempt proceedings for the violation of an intoxicating liquor injunction, unless the testimony is very clear that such liquors were the identical liquors found in the possession of the accused.

**INTOXICATING LIQUORS:** Contempt—General Reputation. In *con-* 4 *tempt* proceedings for the violation of an intoxicating liquor injunction, evidence of the general reputation of the place occupied by the accused is *not* admissible.

**CONTEMPT:** Evidence—Wrongful Obtaining of Evidence. Evidence 6 which is pertinent and relevant is admissible against the accused in contempt proceedings, even though the same was secured *by an unlawful search of the premises* of the accused.

**INTOXICATING LIQUORS:** Contempt—Nonpresence of Accused. An 7 accused who is in possession of premises both personally and by his employee, and who has knowledge of the nature of the business transacted on the premises, may be convicted of a contempt, even though, at the exact time when the liquor was seized on the premises, he was absent therefrom.

*Certiorari to Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 14, 1923.

CERTIORARI to review the action of the district court in and for the ninth judicial district, in adjudging the petitioners to be guilty of a violation of a liquor injunction.—*Writ annulled.*

*T. F. Mantz* and *F. T. Van Liew,* for petitioners.

*Vernon Seeburger,* County Attorney, for respondents.

FAVILLE, J.—On or about the 30th day of December, 1922, the petitioners herein and each of them were permanently enjoined by order of the district court of Polk County, Iowa, from keeping for sale or selling intoxicating liquors, in violation of law. The petitioners were found guilty of contempt in violating said order of injunction, and prosecute this action in certiorari, to review the action of the lower court in so finding them guilty.

I. It is petitioners' first contention that the trial court failed and neglected to make a ruling upon certain evidence offered during the trial. The petitioners fail to point out the specific interrogatories to which objections were interposed and upon which the court failed to make a ruling, except in a few instances, which we have examined with care. The ruling of the court was that "the answer may stand, subject to the objection."

1. APPEAL AND ERROR: presumptions: refusal to rule on objections.

In *McGlasson v. Scott,* 112 Iowa 289, we held that a proceeding in contempt was criminal in its nature, and that parties thereto were entitled to rulings on evidence.

In *Haaren v. Mould,* 144 Iowa 296, we said:

"It is argued that the record discloses fatal error in the act of the trial court in declining to rule upon the objection made by the accused to its jurisdiction and to the introduction of evidence. It is the right of the accused to have his objections ruled upon, and if that right is not recognized, with the result that improper evidence is introduced to his prejudice, it would doubtless call for a reversal."

It is contended by respondents that we must indulge the presumption that the court refused to consider this evidence, upon final determination of the case. Respondents rely upon the rule of *Foster v. Hinson,* 76 Iowa 714, wherein we said:

"Conceding that the objection should have been sustained, the question remains whether we can indulge the presumption that the evidence was considered by the court in making the findings upon which the judgment is necessarily based. It will be observed that the evidence was received subject to the objection,

and in this respect this case differs from *Williams v. Soutter*, 7 Iowa 435. As the evidence was admitted subject to objection, it cannot be said, with the required certainty, that it was considered by the court; for error must affirmatively appear.''

*Good Roads Mach. Co. v. Ott*, 186 Iowa 908; *Hunt & Co. v. Higman*, 70 Iowa 406; *Spelman v. Gill*, 75 Iowa 717; *Foster v. Hinson*, 76 Iowa 714; *Wright v. Farmers Mut. L. S. Ins. Assn.*, 96 Iowa 360; *Matthews v. Luers Drug Co.*, 110 Iowa 231; *Finnegan v. City of Sioux City*, 112 Iowa 232; *Willis v. Weeks*, 129 Iowa 525.

II. The State offered evidence to the effect that a certain bottle, known as Exhibit A, was seized in petitioners' place of business, and that the contents were afterwards examined by a

2. INTOXICATING LIQUORS: contempt: identification of seized liquors.

chemist, and found to contain a high percentage of alcohol. Proper objections were made to the offer of the exhibit and to the testimony of the chemist, on the ground that the identity of the contents of the bottle was not established; that it was not traced from the possession of the petitioners to the custody of the chemist.

We have held that, in order that proof may be admitted of the contents of a bottle or package claimed to have been taken from a defendant, it is necessary to establish a complete chain of evidence, tracing the possession of the exhibit from the defendant to the final custodian, and that, if one link in the chain is entirely missing, the exhibit cannot be introduced in evidence. See a full discussion in *State v. Phillips*, 118 Iowa 660, and *State v. Kingsbury*, 191 Iowa 743.

It must be conceded, from an examination of the record, that there is a failure of strict legal proof to show a complete chain tracing the exhibit and its contents from the possession of the petitioners to the chemist who made an analysis of the contents and testified in regard thereto. The bottle and its contents were taken from the petitioners' place by an officer, who took it to the "liquor bureau." Another witness testified that he found it at this place and took it to the chemist; but it appeared that other parties had access to the room, and that a considerable period of time had elapsed; and it does not clearly

appear in whose custody the exhibit remained, and whether or not it had been tampered with.

Under our previous holdings, this evidence was incompetent. All of the evidence in regard to this subject-matter was received by the court subject to the objections interposed thereto. The

3. APPEAL AND ERROR: presumptions: refusal to rule on objections.

respondents contended that this evidence was merely cumulative, and that we must indulge the presumption that the court did not take it into consideration in a final determination of the case.

As pointed out in the preceding division of this opinion and the cases cited therein, we must indulge the presumption that the court did not consider evidence which was improper, and which had been received subject to the objections interposed thereto. Aside from the objectionable evidence, there was evidence in the record that would support the conclusions of the trial court. We therefore must assume that the court predicated its conclusion upon such evidence, without regard to the improper evidence which had been received subject to objections.

III. Petitioners complain because the trial court permitted evidence tending to show the reputation of the place conducted by petitioners.

We have held that, in an action for contempt, the reputation of the defendant as a bootlegger, and of the place where he lived as being a place where intoxicating liquors were kept and

4. INTOXICATING LIQUORS: contempt: general reputation.

sold, was not admissible. *McMillen v. Anderson,* 183 Iowa 873. Evidence of this character was admitted by the court subject to the objection that was interposed. What we have already said is applicable to this evidence. We must assume that the district court disregarded any evidence that was improper and that was received

5. APPEAL AND ERROR: presumptions: refusal to rule on objections.

subject to objection. Indulging this presumption, we cannot reverse because of the admission of this testimony, even assuming that the objections thereto should have been sustained.

IV. Petitioners complain that evidence was received against them which was secured on a search warrant which is claimed to be illegal, because it was addressed to "John Doe,"

**6. CONTEMPT: evidence: wrongful obtaining of evidence.** although it specifically described the premises that were to be searched.

It appears from the evidence that the petitioner in charge of the premises that were searched made no objections to the search of the place at the time. It further appears that the evidence so obtained was material upon the trial of the issue before the court. This question is ruled by our decision in the recent case of *State v. Tonn*, 195 Iowa 94. There was no error here.

V. The petitioner Joyner claims that he could not be held for contempt even if intoxicating liquors were found upon his premises, because at the time they were so found he was not present at the premises, and was confined to his bed with illness.

The finding of the liquor on the premises that were under injunction is presumptive evidence that it was kept with the intent to sell in violation of law. In *State v. Arie*, 95 Iowa 375,

**7. INTOXICATING LIQUORS: contempt: non-presence of accused.** it was held that it was not incumbent upon the State to show that liquors found upon defendant's premises were kept there with his knowledge or consent. See, also, *State v. Farley*, 87 Iowa 22. There is no dispute of the claim of the State that the premises were in the possession of Joyner, and that petitioner Campbell was in his employ. Joyner's wife and daughter were present at the time the place was searched. Joyner was the proprietor of the place, and was conducting the business that was being carried on therein. The fact that he was absent from the premises at the very moment of the search when liquors were found thereon did not, of itself, absolve him from liability for contempt. It is fairly disclosed from the record, not only that Campbell was in his employ, but that petitioner Joyner knew of the character of the business that was being carried on, although he was personally absent at the time. One may be liable for contempt for violating an injunction of this character where the act is done by his agent or employee, acting in his behalf.

*Writ annulled and petition dismissed.*

EVANS and ARTHUR, JJ., concur.

STEVENS, J., concurs in result.

STEVENS, J. (concurring).   I concur in the conclusion reached by the court in this case, but I arrive at such conclusion by a different route than the majority.   An information alleging violation of a liquor injunction is, under Section 2407 of the Code, triable upon affidavits.   The proceeding is summary in character, and may be before a judge in vacation, as well as before the court in term time.   If either party demand it, the witnesses must be produced for oral examination.   This, however, changes the method of trial only to permit the testimony to be offered orally, instead of in the form of written affidavits.   The character of the testimony may be the same.   When offered orally, it is in the nature of an affidavit, and must be so received by the court.   If an exhibit is attached to an affidavit and referred to as such, it is admissible as a part thereof.   If, as in the case at bar, the identification of the exhibit is insufficient to give it probative value, it must be disregarded by the court, as would be any other irrelevant or immaterial matter set up in the form of an affidavit or received on oral examination.   A motion would not lie to strike any part of an affidavit filed in a proceeding of this character because it was immaterial or irrelevant or incompetent.   The court would simply disregard it.   It is my opinion that, under the statute, the court is not required to rule upon evidence offered orally or in the form of affidavits, but will be conclusively presumed to have based its conclusion upon such testimony as has probative value and tends to satisfy the court that a violation has occurred.   I dissent from the reasoning of the majority, but concur in the result, for the reasons stated.