McMAHILL v. McMAHILL ET AL.

1. **Estates of Decedents:** CLAIM OF HEIR TO LAND: GIFT OR ADVANCE-
MENT: EVIDENCE CONSIDERED. The evidence in this case considered,
(see opinion,) and *held* not to establish a parol contract, followed by pos-
session, for the sale of the land in question by the decedent in his life-
time to his son, but only an agreement to make an advancement of the
land to his son.

2. ——: ADVANCEMENT DEFINED: WHO ENTITLED TO. An advance-
ment is a gift by anticipation, from a parent to a child, of the whole or
a part of what such child will inherit on the death of the parent. But
where an heir has taken possession under an agreement for an advance-
ment, but without a title, and he elects to share equally with the other
heirs in the residue of the estate, equity will not wrong the other heirs
by decreeing the enforcement of the parent's promise to convey to him
the specific property as an advancement.

## Appeal from Fremont District Court.

### TUESDAY, JUNE 15.

THE parties are the children and heirs at law of William
McMahill, deceased. The action was brought by plaintiff for
partition of certain real estate, which, he alleges, belonged
at the time of his death to William McMahill, and descends
in equal shares to his children. The defendant, William H.
McMahill, filed a cross-petition, in which he alleges that he
is the owner of the whole of one quarter section of the land
described in plaintiff's petition, and that he acquired the
same by purchase from William McMahill in 1875. He also
alleges that his contract for the purchase of said land was in
parol, but that he had paid the purchase price thereof, and
had entered into possession under said contract, and made
valuable improvements upon the land; and he prayed that
his right to the land be established by the judgment of the
court, and that a commission be appointed to convey the
premises to him. Plaintiff and the other defendants answered
the cross-petition, denying its allegations. Upon the hearing
the district court dismissed the cross-petition, and entered

judgment as prayed for in plaintiff's petition.    Defendant William H. McMahill appeals.

*Stockton & Keenan,* for appellant.

*Anderson & Eaton,* for appellee.

REED, J.—Defendant's father purchased the land in question in the year 1875, and took the title thereto in his own name.    Soon after the purchase defendant went into possession of the land, and erected thereon a dwelling house and other buildings.    He also enclosed it, but the fencing material, or the greater portion of it, was purchased and paid for by his father.    He continued to occupy and cultivate the place until the death of his father, which occurred in 1881, and he did not account to his father for the rent of the place during any portion of that time.    The annual taxes on the place during the time, however, were paid by the father.    It is shown that the father, on frequent occasions after the purchase, spoke of the place as belonging to defendant, and stated that he had purchased it for him, and intended to give it to him.    After his death a warranty deed conveying the premises to defendant was found among his papers.    This deed was executed about two years before the death of the father, but it is not claimed that it had ever been delivered to defendant.    The father died seized of a large amount of lands in the state of Illinois, where he had resided for many years before his death.    In a proceeding had in one of the courts of that state after his death, partition of those lands was made among his heirs, one-ninth in value thereof being set off to defendant, and the lands so set off to him were subsequently sold by defendant for about the sum of $5,000.

The allegations in the cross-petition, that defendant purchased the land from his father by a parol contract, and that he had paid the purchase price thereof, are not directly supported by any competent evidence.    Counsel for defendant

1. ESTATES of decedents: claim of heir to land: gift or advancement: evidence considered.

contend, however, that the reasonable presumption or infer-
ence from the circumstances proven is that such contract had
been entered into by the parties. They say that it should be
inferred from the fact that defendant was permitted for six
years to occupy and cultivate the place without paying any
rent therefor and that he placed permanent and valuable
improvements thereon, that he had an agreement with his
father for the purchase of the place. We think, however,
that the circumstances proven do not lead to this conclusion.
We are satisfied, indeed, that there was no expectation on the
part of either defendant or his father that he would pay any
consideration for the land. The father was well-advanced in
years, and was in comfortable circumstances. The son has
not been particularly successful in business, and has accumu-
lated but little property. In the course of nature it was to
be expected that the father would live but a few years at
most. Under these circumstances, it is much more reason-
able to presume that the land was purchased by the father
with a view of making a provision for the son out of his
estate, than that the transaction was a sale of the land to
him.

. The declarations of the father (which were proven by
defendant) show, we think, that this was his intention. His
statements were that he had purchased the land for defend-
ant; that he intended it for him, etc. These declarations
are not consistent with the idea that the transaction was a
sale of the land to defendant; but, on the other hand, they
clearly evidence an intention by the father to make a provis-
ion for his son out of his estate. It is contended, however,
that in that view the transaction amounted to a parol gift of
the land to defendant, and that, as this was followed by pos-
session, and the making of valuable and permanent improve-
ments, he is entitled, under the doctrine of *Hughes v. Lind-
sey*, 31 Iowa, 329, to have the title quieted in him as against
the other heirs. But we think the transaction must be
regarded as an agreement by the father to make an advance-

McMahill v. McMahill et al.

ment to defendant, rather than as a gift. The presumption, in the first instance, is that he intended it as an advancement, (*Burton v. Baldwin*, 61 Iowa, 283,) and this presumption is not overcome, but is strengthened, rather, by the evidence in the case. But the agreement was never fully executed. The conveyance necessary to complete the advancement, for some reason, was never delivered.

The relief demanded by defendant in his cross-petition was the specific enforcement of the agreement or promise of his 
2. ——: advancement defined: who entitled to.
father to convey the land to him as an advancement. But he is clearly not entitled to this relief. An advancement is "a gift, by anticipation, from a parent to a child, of the whole or a part of what is supposed such child would inherit on the death of the parent." Bouv. Law Dict. If defendant had accepted no part of the balance of the estate of which his father died seized, or if he had accepted only so much as was necessary, with the property in question, to make him equal with the other heirs, he would now be entitled to have the title to this property quieted in him. But, having accepted and appropriated a full distributive share of the balance of the estate, equity will not wrong the other heirs by decreeing the enforcement of the promise of the father to convey the property as an advancement. Having elected to share equally with the other heirs in the residue of the estate, he is not entitled to the advancement.

The judgment of the district court will be

AFFIRMED.