In re Will of Miller.

1. **Estates of Decedents:** ADVANCEMENTS: HOW TREATED IN DETERMINING WIDOW'S SHARE. An advancement, whether made by ancestor or testator, is an irrevocable gift in anticipation of the share of the heir or legatee in the estate; (*In re Estate of Lyon*, 70 Iowa, 375;) and, while it is to be regarded as a part of the estate for the purpose of determining the share of the one to whom it has been made, (Code, § 2459,) it is not to be so regarded for the purpose of determining the amount of the widow's one-third; for her right is to have one-third of the personal property of her deceased husband. and advancements, being irrevocable gifts, cannot be regarded as a part of such property. [ADAMS, C. J., *dissenting*.]

2. ———: ASSETS: DEED OF TRUST SATISFIED BY DEATH OF TESTATOR: WIDOW'S SHARE. A testator held a note for $1,040, made by a daughter for money advanced to her, which was secured by a deed of trust, and these instruments provided for the payment to him, so long as he should live, of an annuity of seven per cent on said sum, and that the principal sum should be due and collectible upon a failure to pay the annuity for any year, but that, if the annuity should be regularly paid during his life, the whole obligation should be regarded as paid and discharged upon his death. The annuity was in fact paid during his life. *Held* that the money so advanced did not constitute a part of the assets of the estate upon his death, and could not be considered in computing the widow's distributive share, upon her refusing to take under the will.

*Appeal from Scott Circuit Court.*

TUESDAY, OCTOBER 25.

THIS is a proceeding instituted by the widow of a testator for the determination of the amount of her share of the estate. The judgment and order of the court being adverse to her claim, she appeals.

*J. M. Helmick* and *C. M. Waterman,* for appellant.

*Davison & Lane,* for appellee.

BECK, J.— The will of James Miller, and a codicil thereto, were admitted to probate by the circuit court. The material portions of these instruments are in the following language:-

" WILL.

"(3) I have given to my several children the several sums hereinafter named, over and above the amounts for which I hold note or notes, mortgage or mortgages, of either of them, viz: My son Marvin Miller has received the sum of $1,855; my son Andrew Miller has received the sum of $2,029; my son Madison Miller has received the sum of $3,000; my daughter Eliza Jane Wheeler has received the sum of $1,000; my daughter Ellen Case has received the sum of $1,000. I also hold notes and mortgages against some of my children which are not for any part of the above-named sums; which said notes and mortgages are to be treated, as to both principal and interest, as constituting a part of my estate. It is my will, and I so direct, that my estate be so divided at my death that each of my several children shall receive from me and my estate equal shares, including the sums above men tioned, and interest on said sums, respectively, from and after the 19th of January, 1869. That is to say, my executor shall charge my son Marvin, $1,855, and interest from January 19, 1869; my son Andrew, $2,029, and interest from January 19, 1869; my son Madison $3,000, and interest from

In re Will of Miller.

January 19, 1869; my daughter Eliza Jane Wheeler, $1,000, and interest from January 19, 1869; my daughter Ellen Case, $1,000, and interest from January, 19, 1869, and distribute my estate among my said children so that their shares with the several sums produced thereby shall be equal."

## " CODICIL.

" Know ye, that I, James Miller, of the city of Davenport, Scott county, Iowa, formerly of Pleasant Valley of said county, being of sound mind and disposing memory, and desiring to modify and change my last will and testament made at Ypsilanti, Michigan, on the 24th day of February, 1872, do hereby make and publish this codicil as and for a part of my last will and testament, as follows: I hereby revoke the second item in my said last will and testament, wherein I give and bequeath to my wife, Elizabeth Miller, $2,000, to be accepted by her in lieu of all dower and other claims, and instead thereof I now give, bequeath and devise unto my wife, Elizabeth Miller, my homestead in city of Davenport, Scott county, Iowa, to be accepted and taken by her in lieu of all other claims. Since the making of my last will and testament, I have given to my said daughter, Eliza Jane Wheeler, the further sum of $500, making, with the former sum of $1,000, the sum of $1,500, which I have given her. And instead of $1,000, as stated in my last will and testament, my executor shall charge my said daughter, Eliza Jane Wheeler, with the sum of $1,500, and interest thereon since January 19, 1869."

A daughter of the testator, Mrs. Case, executed to him in his life-time a mortgage, to secure an annuity of $84 per annum, in consideration of $1,200 paid and advanced by him. No question arises in this case upon this instrument, and the transactions upon which it is based. It will not, therefore, be further noticed.

Another daughter, Mrs. Wheeler, executed, after the will and codicil were made, to the testator, a somewhat similar

instrument, in form of a deed of trust, conveying certain lands situated in Michigan. It recites that the consideration thereof is $1,040, received by the grantee therein of her father, the testator, and provides that the estate granted shall be void upon payment on a named day of each year of the sum of $72.80, which it declares is the interest upon $1,040, at 7 per centum per annum. The instrument then recites a condition in the following language: "And it is hereby expressly agreed by and between the said parties that, should any default be made in the payment of the said interest, or of any part thereof, (or of any installment of principal, or of any part thereof,) on any day whereon the same is made payable as above expressed, and should the same remain unpaid and in arrear for the space of sixty days, then and from thenceforth, that is to say, after the lapse of said sixty days, so much of the aforesaid principal sum of one thousand and forty dollars as remains unpaid, with all arrearage of interest thereon, shall, at the option of said party of the second part, his executors, administrators, or assigns, become and be due and payable immediately thereafter, although the period above limited for the payment thereof may not then have expired; anything hereinbefore, or in said note, contained to the contrary thereof in anywise notwithstanding."

Mrs. Wheeler executed to the testator a promissory note, which is secured by, and referred to in, the deed of trust. It is as follows:

"$1,040.

"For value received I promise to pay James Miller, or bearer, during the life-time of said Miller, the sum of seventy-two dollars and eighty cents annually, on the 19th day of November, in each year, being annual interest at the rate of seven per cent per annum upon a principal sum of $1,040. At the death of said Miller this note is fully paid and discharged by reason thereof, according to the terms of a mortgage of even date.

"ELIZA JANE WHEELER.

"*Dated Ypsilanti, Mich., November* 19, 1879."

Other conditions as to payment of taxes, the insurance of buildings on the land, and other matters, need not be recited or further referred to, nor need mention be made of certain written evidence of advancements made by the testator prior to his death, and subsequent to the execution of the will and codicil. The widow, by proper writing filed in court, refused to take under the will, and gave notice of her election to take her distributive share. The abstract contains the following statement showing the question for decision in the case: "No testimony was offered on behalf of the widow, but it was admitted by all parties that advancements had been made to the children, though the amount was not admitted; it being agreed that the case should be submitted upon the question of the right of the widow to derive benefit from advancements made to the children, leaving the amount of said advancements to be determined upon evidence to be submitted to the court thereafter."

Two questions only arise in the case—the *first* involving the right of the widow in view of all the advancements made to the legatees; the *second* brings in question her

1. ESTATES of decedents: advancements: how treated in determining widow's share.

rights in connection with the transaction with the deed of trust executed by Mrs. Wheeler.

Code, § 2436, is in the following language: "The personal property of the deceased, not necessary for the payment of debts, nor otherwise disposed of as hereinbefore provided, shall be distributed to the same persons, and in the same proportions, as though it were real estate." The term "personal property," used in this section, is understood to cover things personal, choses in action, and all other property or property rights not real estate, or attached to and inseparable from real estate. The expression in the section referring to such property as not "otherwise disposed of as hereinbefore provided," applies to legacies, specific and general, and to assets of the estate used in paying debts and expenses. All the personal estate of the deceased

not thus disposed of is to be distributed to the widow and heirs, as provided in succeeding sections. Now, may the amount of an advancement to an heir be added to the personal estate, thus increasing the avails of the personal estate to be distributed to the widow? It may be assumed, for the purposes of the case, (though the point we do not consider and pass upon,) that advancements made to a legatee are controlled by the same rules applicable to advancements to an heir made by one dying intestate.

Now, we are required to determine whether, in case of an advancement by the ancestor, or the testator, the person making the advancement retains any interest in it which is property, or whether he retains any property right connected with it, which goes to his estate upon his death. An advancement is an irrevocable gift in anticipation of the share of the heir in the estate. (*In re Estate of Lyon*, 70 Iowa, 575.) What is given as an advancement becomes the absolute property of the child to whom the advancement is made. The father has no claim upon it, and cannot recover it. Neither has he any claim against the child in the nature of a debt. He can bring no action against the child on account of the gift and advancement. It is very plain that his representatives, upon his death, have no such right and claim; in this regard they stand in his shoes. It follows, therefore, that the estate of the deceased father is not increased by the advancement. All there is of it is that the heir receiving the advancement is cut off from receiving from the estate its amount or value. As the advancement creates no right or property in the estate, it cannot be regarded in making distribution, under Code, § 2436, above quoted. The widow, therefore, receives no benefit from it, and her share is not increased by reason of it. She receives one-third of the personal property of her deceased husband. (Sections 2436, 2440.) But advancements are not personal property of the husband and the estate. She can therefore receive nothing on account of advancements.

Counsel for the widow rely upon Code, § 2459, to support

their views of the law. It is in this language: "Property given by an intestate by way of advancement to an heir shall be considered part of the estate, so far as regards the division and distribution thereof, and shall be taken by such heir towards his share of the estate at what it would now be worth, if in the condition in which it was so given to him. But, if such advancement exceeds the amount to which he would be entitled, he cannot be required to refund any portion thereof." The section obviously means that the property given as an advancement is to be considered a part of the estate so far that it is to be considered and taken by the heir at its value at the time of the distribution to him. There is nothing in the language conveying the thought that the advancement shall be regarded as assets, and, being added to the value of other property of the estate, shall swell the gross amount of the property or money to be divided among the widow and children of the deceased. It does not prescribe that the distributive shares of the widow shall be increased by reason of the advancement; it goes no further than to direct that the sum which the heir would receive from the estate, if the money advanced to him be "considered" a part of the estate, shall be diminished to the value of the property advanced to him. That is, while the advancement is no part of the assets of the estate, it is to be considered a part of the estate in estimating the amount of the heir's portion, and his share of the estate, estimated by including the advancement, shall be dismissed by deducting the amount of the advancement. No cases are cited in conflict with our conclusion. Indeed, the doctrines recognized by the courts, where not controlled by statute, support it.

We come now to the consideration of the transaction with Mrs. Wheeler, and the deed of trust executed by her. It obligates her to pay an annuity which is secured by the deed of trust. In case of failure on her part to make any payment, she becomes bound to repay the money received by her as the consideration of the deed of trust. This provision is intended to secure

2. ——: assets: deed of trust satisfied by death of testator: widow's share.

and enforce the performance of her obligations. If she performs her contract, no claim can arise for the payment of the consideration to her father or his estate. She did perform it; at least, it is not claimed that she did not. At no time did the father have any claim, demand, or right of action against her, based upon the money which she received as the consideration of her obligation to pay the annuity. Upon his death her obligation terminated, for she was bound no longer to pay the annuity. The father's representatives, after his death, stand in his shoes. He had no property right in the deed of trust that survived him; his estate, therefore, took none. For the reasons just stated in the other branch of the case, the amount of the widow's distributive share is not increased by reason of the deed of trust executed by Mrs. Wheeler. The consideration therefor cannot be added to the assets of the estate.

We reach the conclusion that the decision and order of the circuit court is correct. AFFIRMED.

ADAMS, CH. J., *dissenting*. While it is true, as the majority hold, that an advancement is not a part of the estate of the ancestor, yet it is to be taken into consideration in making a distribution of the estate, and an heir who has received advancements shall receive only so much as, taken with the advancements, would amount to what his distributive share would have been if he had received no advancements. This seems to me to be the plain and literal meaning. (Code, § 2459.) The manifest object of the statute is to enable the ancestor to make a partial distribution of his estate in advance, according to the circumstances of his heirs, and his ability to aid them without doing injustice to others. The very idea of an advancement is that it is a distribution made in advance of death. While it is irrevocable, like a gift, it differs from a gift. It is to be taken into account in distribution, as a gift is not. It is not literally, of course, to be added to the estate again. It is, however, to "be considered part of the estate," or, in other words, it is to be charged

against the heir, who has received it, in determining how much more, if anything, he is to receive. I think that the advancements in this case should have been charged against those who had received them, in determining the distribution as between them and the widow.