SYLVESTER PHILLIPS *et al.* v. JESSIE G. PHILLIPS *et al.*, Appellants.

| | |
|---|---|
| 90 | 541 |
| 102 | 385 |
| 90 | 541 |
| 120 | 73 |
| 120 | 130 |
| 90 | 541 |
| f140 | 292 |

Advancement: Gift: PRESUMPTION. A voluntary conveyance from parent to child is presumed to be an advancement, and the presumption is not rebutted by proof that the father, while unable to speak coherently, made statements equally consistent with an intent to make a gift not to be considered in settling the estate, or with an intent to make an advancement, and as an advancement is a gift, by proof that he frequently spoke of the conveyance as a gift. KINNE, J., took no part.

*Appeal from Tama District Court.*—HON. L. G. KINNE and J. R. CALDWELL, Judges.

THURSDAY, MAY 10, 1894.

ACTION in equity for the partition of real estate. There was a hearing on the merits, and a decree in

favor of the plaintiffs. The defendants Jessie G. Phillips and Bertha M. Phillips appeal.—*Affirmed.*

*Powell & Harman* and *Chas. A. Clark* for appellants.

*H. J. Stiger* for appellees.

ROBINSON, J.—On the tenth day of November, 1890, Alford Phillips died intestate. His estate included personal property to the amount of twenty-five thousand dollars after the payment of debts and the expenses of administration, and real estate, not including that in controversy in this action, of the appraised value of ninety-seven thousand, nine hundred and seventy dollars. The defendant Ella C. Phillips is his widow, and the plaintiffs Sylvester Phillips and Belle C. McClaskey, and the defendants Jessie G. Phillips and Bertha M. Phillips, his children. After the death of the intestate, his widow caused her distributive share of his estate to be ascertained and set apart to her, and what was done in that proceeding· is not questioned in this action. In ·January, 1887, Alford Phillips conveyed to the defendants Bertha and Jessie certain farms, and in April, 1890, he purchased, and caused to be conveyed to Jessie, another farm. The conveyances so made were voluntary. The plaintiffs contend that they were intended as advancements to the grantees, and that the farms conveyed should be regarded as a part of the estate of decedent for the purpose of division and distribution thereof, and ask that they be so treated. They also ask for the partition of the real estate which belongs to the estate. The appellants deny that the conveyances were intended as advancements, and insist that they were intended to be in addition to their distributive shares of the estate. They also allege that a conveyance of land made by their father to the plaintiff Sylvester Phillips, in December,

1883, should be treated as an advancement to him. The district court adjudged that all the conveyances were made by way of advancement, and treated the property conveyed as a part of the estate of the intestate for the purposes of dividing, and effecting a partition of, the real estate belonging to it. The value of the advancement made to Jessie was fixed at seventeen thousand, nine hundred dollars, that to Bertha was fixed at seventeen thousand, four hundred dollars, and that to Sylvester at two thousand dollars, and the share of the estate of each of them was reduced by the amount of the advancements so adjudged to have been made.

I. Objection was made by the appellants in the district court to the joinder of their mother, the widow of decedent, as a party defendant. From an order of the court overruling a motion they had filed to dismiss the action as to her they appealed to this court before the cause was heard on the merits. The cause is submitted on the appeal from that order, and on the appeal from the final decree; but as the questions presented on the first appeal, however decided, can not affect the final determination of the cause on the merits, they will not be further considered.

II. The only question we find it necessary to determine is whether the conveyances to the appellants were intended to be advancements. Section 2459 of the Code contains the following: "Property given by an intestate by way of advancement to an heir, shall be considered part of the estate, so far as regards the division and distribution thereof, and shall be taken by such heir toward his share of the estate at what it would now be worth if in the condition in which it was so given to him." It is the rule in this state that a voluntary conveyance from a parent to a child is presumed to be an advancement, and the burden of showing that it is not, is upon the person who claims that

it was not so intended. *Burton v. Baldwin*, 61 Iowa, 286, 16 N. W. Rep. 110; *McMahill v. McMahill*, 69 Iowa, 115, 28 N. W. Rep. 470; *Cecil v. Beaver*, 28 Iowa, 242. This is not denied by the appellants, but they contend that they have overcome the presumption of the law by the evidence which shows that the decedent made and caused to be made the conveyances in question, not by way of advancement, but as gifts, in addition to their distributive share in his estate. It appears that the mother of Sylvester was the first wife of decedent, that the mother of Belle was his second wife, and the mother of appellants was his last one. It also appears that when the conveyances of January, 1887, were made, Sylvester was fifty-three years of age, Belle was twenty-four, Jessie was fourteen, and Bertha was eleven. Sylvester had been married many years, and was the head of a family. Belle had been married about three years, and Jessie and Bertha had been living with their parents. The father was fond of his younger children, but he also had a parent's affection for the older ones. A year or two before the deeds executed in January, 1887, were made, he spoke of making them, and asked if they would be legal. In December, 1886, the congregation of the church which his family attended had a Christmas tree, and he delivered to the pastor in charge a blank deed, with a statement in writing to the effect that certain land was a gift to Jessie, and caused them to be announced as for her when the gifts were distributed. At the time he purchased the farm which was conveyed to Jessie in the year 1890, he said, in effect, that it was to make what she received more nearly equal to that which he had given to Bertha. These and other things of a somewhat similar nature are relied upon by appellants as supporting their claim that the conveyances were not advancements. In our opinion, they do not sustain the claim. For many years before his death the decedent had suffered from

motor or verbal aphasia, and was able to converse only in an incoherent manner by the use of signs and disconnected words. He wrote little, if anything, more than his name, and does not appear to have said much to anyone in regard to his intention in making the conveyances in question, but what he said was as consistent with an intent to make advancements to his daughters as to make gifts which should not be considered in settling his estate. The fact that the conveyances were sometimes spoken of as gifts is not especially significant, as an advancement is a gift. *In re Will of Miller*, 73 Iowa, 123, 34, N. W. Rep. 769.

After a careful consideration of all the evidence, we reach the conclusion that the presumption of law which arises from a voluntary conveyance by a parent to a child must prevail in this case. The findings of the district court in regard to the advancements and their amount are justified by the record, and we discover no sufficient reason for disturbing the decree of that court in any respect. AFFIRMED.

KINNE, J., took no part.