MARY MOSSESTAD and ARNE SOGARD, Guardian, v. HELENA GUNDERSON ET AL, Appellants.

Estates of decedents: ADVANCEMENT: PARTITION. Where the actual 1 consideration for a conveyance from a parent to a child is nominal, the difference between the sum paid and the real value of the land will be presumed to be an advancement.

**Same:** PAYMENT OF CLAIMS. Where an estate is unsettled, but the time for filing claims has expired and all enforceable demands against it were ascertained at the time of a partition action by the heirs, it could make no difference to them whether the claims were paid from a sale of property by the administrator or from the proceeds of the partition sale.

*Appeal from Winnebago District Court.*—HON. CLIFFORD P. SMITH, Judge.

MONDAY, NOVEMBER 23, 1908.

SUIT in equity for the partition of real estate. From the judgment therein, the defendants Christian Gunderson and Gilbert Gunderson appeal.—*Affirmed.*

*T. A. Kingland* and *Gorden & Belsheim,* for appellants.

*L. A. Jensen,* for appellees.

SHERWIN, J.—Olavus Gunderson died intestate in October, 1905, leaving a surviving widow, Helena Gunderson, and the defendants, Ludvig Gunderson, Christian Gunderson, and Gilbert Gunderson, and the plaintiff, Mary Mossestad, his children and only heirs. He died seised of one hundred and sixty acres of land, and this suit was brought to partition the same. There is no question as to the interests of the various parties to the suit, and the only question presented for our determination is whether certain conveyances of real estate made by the deceased and his wife in 1899 to the defendants Christian and Gilbert Gunderson were advancements. The trial court found that they were advancements, and said defendants appeal.

The deceased and his wife conveyed eighty acres of land to each of the appellants; the deed in each case recit-

ing a consideration of $600, and each containing the usual

**1. ESTATES OF DE-CEDENTS: advancements: partition.** covenants of warranty. It is fairly well established by the evidence that each of the appellants in fact paid $600 for the land deeded to him, and the evidence is also conclusive that at the time of the conveyances the land covered thereby was worth from $20 to $40 per acre; the appellants themselves placing the value thereof at from $20 to $25 per acre. It is therefore practically undisputed that the consideration recited in the deeds and in fact paid for each tract of land was nominal merely. The trial court found that, in the settlement of the estate, these appellants should each be charged $2,400 for the land which had been conveyed to them, and we are fully satisfied that the finding has ample support in the evidence. While a consideration of $600 was in fact paid in each case, it is the general rule that, where the difference between the price paid and the actual value of the land is great, the conveyance will be regarded as voluntary to the extent of such difference, and an advancement will be presumed where the consideration was very inadequate. 14 Cyc. 171; *Fuller v. Griffith,* 91 Iowa, 632; *Strong v. Lawrence,* 58 Iowa, 55. And a voluntary conveyance from parent to child is presumed to be an advancement. *Bissell v. Bissell,* 120 Iowa, 127; *Burton v. Baldwin,* 61 Iowa, 283; *Phillips v. Phillips,* 90 Iowa, 541.

The appellants state in their argument that the trial court found the estate of Olavus Gunderson was settled before the commencement of the action, but this is an

**2. SAME: payment of claims.** erroneous statement. The trial court expressly found that the estate was unsettled, but did find that the time for filing claims had elapsed, and that all enforceable demands against the estate were then ascertained, and they were provided for in the decree requiring a sale of the undivided two-thirds belonging to the parties other than the widow, and the pay-

ment from the proceeds thereof of all claims against the estate. The appellants are not creditors and have no ground of complaint on account of this order. If the estate were liable on other claims, it could make no difference to them whether such claims were paid by the sale of the property by the administrator or from the proceeds of a partition sale.

We find the evidence sufficient to sustain the finding of the trial court, and the judgment must be, and it is, *affirmed.*