ART-ASEPTIBLE FURNITURE COMPANY, Appellant, v. EDWIN R. SHANNON, Appellee.

**Sales:** BREACH OF CONTRACT: MEASURE OF DAMAGES. The measure of
1 damages for breach of an executory contract to purchase personal property is the difference between the market value of the property at the time it was delivered and the contract price to be paid therefor.

**Same:** EVIDENCE: BURDEN OF PROOF. In this action for breach of con-
2 tract to purchase furniture the written order did not state whether the goods were then in stock or would have to be manufactured, but plaintiff's agent testified that he told defendant they would have to be manufactured and this was denied by defendant. Plaintiff's evidence as to the damage was on the theory that the goods were yet to be manufactured and related to the difference between the cost of manufacture and the contract price. *Held,* that, conceding the admissibility of plaintiff's evidence of damage, the burden was on it to establish the claim that the goods were yet to be manufactured, and as this was affirmed simply by plaintiff's agent and denied by defendant, the finding of the court for defendant, which has the effect of a verdict, is sustained.

*Appeal from Black Hawk District Court.*—HON. FRANKLIN C. PLATT, Judge.

THURSDAY, MARCH 20, 1913.

SUIT for damages for breach of contract. The court found for the defendant and rendered judgment against plaintiff for costs, and it appeals.—*Affirmed.*

*Pike & Knapp,* for appellant.

*Mears & Lovejoy,* for appellee.

Preston, J.—Plaintiff sued to recover $75 damages for a breach of the following contract:

Art-Aseptible Furniture Company, St. Louis, Mo.
                                  Date, 3—30—'10.
    Sold to Dr. E. R. Shannon, address, Waterloo, Iowa.
Shipped by Bur. R. R. when new building is ready. Terms,
30 days cash. Salesman, E. W.

| | |
|---|---:|
| 1 No. 269 cabinet, 3 plate glass shelves, mirror in door | $ 35.00 |
| 1 No. 226 table, 18x30, opal top, with flat rail, with chips at other end of table | 25.00 |
| 1 No. 698 cabinet, 20x30, opal top, with round rail around rear | 37.50 |
| 1 No. 215 chair | 7.50 |
| Total | $105.00 |
| 1 No. 214 stool, with back rest | 9.00 |
| 1 No. 212 stool, rep seat | 6.00 |
| 1 No. 105 sterilizer, gas | 60.00 |
| Total | $180.00 |
| Discount for cash | 15.00 |
| Total | $165.00 |

We have examined above and terms and prices are as agreed upon. Goods to be shipped as soon as possible, but date of delivery is not agreed upon. Transportation charges to be paid by consignee. This contract is not subject to cancellation. There are no agreements or representations except as those set forth above.

                [Signature] Edwin R. Shannon.
                [Signature] Emil Willbrant, Agent.

The order was made out and signed at Waterloo, Iowa, and its execution was not denied. Within two or three days

after the signing of the order, defendant by letter countermanded it. The articles were not shipped. A jury was waived, and trial had to the court. The only witnesses who testified on the trial were the agent, who signed the contract for plaintiff, and the defendant, who was a witness in his own behalf.

The measure of damages which the vendor can recover for the breach of an executory contract for the sale of personal property is the difference between the market value of the property at the time it was delivered and the contract price to be paid therefor. *Hamilton v. Finnegan,* 117 Iowa, 623. The plaintiff did not offer any evidence as to such measure of damages. On the trial the plaintiff introduced evidence as to its damages on the theory that the property purchased was to be specially manufactured, and that the measure of damages, in such a case, would be the difference between the cost in manufacture and the contract price. There were no allegations in plaintiff's petition in regard to such a theory. The evidence was objected to by the defendant as incompetent, irrelevant, and immaterial, and as seeking to add to, vary, or change the terms of a written instrument, but was taken subject to the objection. The plaintiff's witness testified that he told defendant at the time the order was taken that they did not have the goods in stock, but that they would have to be manufactured. The defendant expressly denied this, but testified that the agent had photographic reproductions, and that "he said, 'We have this in such and such size,' and I chose the size I wanted."

It is doubtful whether the evidence is admissible, and whether it should be considered, but, even if it was, there were but two witnesses, one on each side, and the plaintiff had the burden of proof.

The finding of the court has the same force and effect as the verdict of the jury, and we will not interfere with such finding.

The plaintiff contends that the order itself shows that the

parties both contemplated that the articles were to be manufactured. In this we cannot agree.

The judgment ought to be, and it is *Affirmed.*