HERMAN PETER, Appellee, v. THOMAS GRIFFIN, Appellant, et al.

PARENT AND CHILD: Support by Child. An agreement to support and care for his parent, and to furnish the latter with a proper burial, in return for the parent's property, is not violated by a failure to erect a monument over the grave of the parent; nor is such contract unconscionable or lacking in consideration because the parent soon dies, and the child is largely overpaid for the services extended.

QUIETING TITLE: Contract for Services as Basis. A contract under which a child agrees to care for his parent, in return for the parent's real estate, while not constituting an actual conveyance, is, when executed, ample warrant for quieting the title in the child or his grantee.

*Appeal from Boone District Court.*—H. E. FRY, Judge.

NOVEMBER 19, 1918.

SUIT to quiet title. There was a defense and a crossbill by the defendant Thomas Griffin. Upon trial had, there was a decree for the plaintiff, and the appellant, Thomas Griffin, appeals.—*Affirmed.*

*Goodykoontz & Mahoney,* for appellant.

*Whitaker & Snell,* for appellee.

EVANS, J.—The subject-matter of the action is the un-divided one third of a certain 123 acres of land in Boone County. This land had formerly belonged to Elizabeth Grif-fin, who died testate, seized thereof, in Au-gust, 1907, leaving surviving her, her hus-band, Daniel Griffin, and several children, including the appellant, Thomas Griffin. Following the death of his wife, Daniel Griffin entered into a contract with his son Daniel P. Griffin, which was, in part, as follows:

1. PARENT AND CHILD: sup-port by child.

"That whereas, the said first party is desirous of pro-viding for himself a good home, support and maintenance during the remainder of his life; and whereas, said second party is willing to provide such support and maintenance for first party in consideration of the agreements herein-after contained; it is therefore agreed between said first party and said second party as follows: That if the said second party shall from this date until the date of the death of said first party furnish to said first party, at second party's cost and expense, a good, comfortable home with a good, pleasant room for his own use and with all the neces-saries of life suitable to first party's condition, age and standing in life, and, at all times, both second party's self and family treat him kindly, and care for him in sickness and provide for first party's medicine and medical attend-ance, and at the death of first party, give him a reasonable and commendable burial, then and in that case, second par-ty is to have and receive all the estate that first party is entitled to as surviving husband of Elizabeth Griffin, de-ceased. Second party hereby agrees to and with said first party that in consideration of the interests of his said father, party of the first part, in and to his full share of the

estate which he has or shall be entitled to out of the estate
of his said wife, Elizabeth Griffin, deceased, he will from this
date during the entire life of the said first party furnish to
said first party, at his own cost and expense a good comfort-
able home, with a good, pleasant room for his own use and
with all the necessaries of life suitable to first party's con-
dition, age and standing in life, and at all times, both sec-
ond party's self and family treat him kindly, and care for
him in sickness and provide for first party's medicine and
medical attendance and at the death of said first party,
give him a respectable and commendable burial. Second
party also agrees, in consideration of the premises, that he
will at all times furnish to said party all necessary cloth-
ing needed by first party: And that he will at all times
furnish to said first party a reasonable amount for first
party's spending money, to be used by first party, as he sees
fit, for his own personal use and expenses, or for traveling,
or for anything that he reasonably needs for his own per-
sonal benefit. Second party further agrees that, in consid-
eration of the premises, he will at his own cost and expense
pay all of the taxes assessed against said first party, and
keep up all the repairs needed on the land of said first
party; and keep the building or buildings on the premises
finally awarded to first party fully insured in some good
responsible insurance company at all times."

Daniel Griffin died in the following year. After his
death, Daniel P. Griffin sold the land to Fritz Peter, who
conveyed the same to the plaintiff herein. The defendant
Thomas Griffin challenges the contract of support and
maintenance above set forth, and challenges the title of
the plaintiff, as resting thereon. The evidence is very
brief. There is no contention but that Daniel P. Griffin
performed the contract during the life of his father. The
argument for appellant rests upon two general proposi-
tions: (1) That Daniel P. failed to give his father a re-

spectable burial, in that he has never erected a monument over his grave; and (2) that the contract was either unconscionable or lacked consideration, in that the father lived but a few months, and that the value of his care and keeping was not over $600, whereas it is alleged that the land was worth more than $3,000.

As to the first proposition, there is no provision in the contract requiring a monument to be erected. Filial affection would ordinarily command such a result, but we know of no warrant for attaching such duty as a condition to the due performance of the contract. As to the second proposition, the consideration stipulated for was sufficient to support the contract. The record does not disclose the age of the father, nor what his expectancy of life was at the time he entered into the contract. He might have lived many years, and might have needed much laborious and expensive care. It was the undertaking of the son to make full provision for such care, whatever its extent. No authority is cited to us wherein such a contract has ever been denounced as unsupported by adequate consideration.

2. QUIETING TITLE: contract for services as basis.

It is argued, also, that the contract was something less than a conveyance, and that, being an executory contract only, it would not, in legal effect, convey the land. Granting the argument, the contract was, nevertheless, good in equity, and capable of enforcement. The very purpose of this quieting title suit is to obtain enforcement thereof. The only advantage to be gained by the defendant from the fact that the contract was less than a legal conveyance is that he is permitted to interpose his defense thereto as against the plaintiff as a purchaser. That is to say, whereas an actual conveyance by deed would have operated to the protection of the plaintiff as an innocent purchaser, this contract does not so operate in his favor. The rights of the plaintiff as a purchaser, however innocent, will rise no

higher than the rights of Daniel P. Griffin. The burden of attack rests, nevertheless, upon the appellant, and he must show valid reason why the contract should not be recognized and enforced. We think the trial court properly entered a decree for the plaintiff, and it is—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.