## IN RE ESTATE OF MICHAEL O'HARA.

THOMAS J. KINLEY, Administrator, et al., Appellants, v. JOHN FRANCIS O'HARA, Appellee.

DESCENT AND DISTRIBUTION: Liability of Heir—Advancement—
1. Difference Between Value of Property and Amount Paid. An advancement to an heir may consist of the substantial *difference* which may exist between the actual money consideration paid by the heir for property and its actual value at the time of the conveyance, but not necessarily so when, as part of the consideration, grantor-ancestor reserves a room on the premises for life, and when the grantee-

heir agrees to pay the funeral expenses of said grantor and adequately to support him for life.

**EXECUTORS AND ADMINISTRATORS:** Advancements—How Issue Tried. A proceeding in probate on the issue whether a conveyance by a father to his son constituted an advancement is triable, both in the trial and the appellate court, as an action at law. It follows that a supported finding by the trial court is conclusive on the appellate court. (See Book of Anno., Vol. I, Sec. 11431.)

**CONTRACTS:** Consideration—Agreement to Support Grantor. Principle recognized that ample consideration for a deed of conveyance may be found in the agreement of the grantee to support the grantor for life, even though it may ultimately develop that the value of the property materially exceeds the value of the support.

**APPEAL AND ERROR:** Review—Party Entitled to Allege Error. A party may not lodge a complaint against the reception in evidence of matter which he himself caused to be introduced.

**APPEAL AND ERROR:** Review—Postponed Rulings—Presumption. The judgment of the trial court will be presumed to have been based solely on competent testimony when the court so certifies at the time of passing upon postponed rulings and excluding certain testimony thereunder.

**Headnote 1:** 18 C. J. pp. 933, 935. **Headnote 2:** 24 C. J. pp. 1050, 1051. **Headnote 3:** 18 C. J. p. 166. **Headnote 4:** 4 C. J. p. 703. **Headnote 5:** 4 C. J. p. 776.

**Headnote 1:** 26 A. L. R. 1106; 1 R. C. L. 670. **Headnote 2:** 2 R. C. L. 206. **Headnote 3:** 8 R. C. L. 927. **Headnote 4:** 2 R. C. L. 238, 239. **Headnote 5:** 2 R. C. L. 222.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

JANUARY 10, 1928.

The questions involved in this appeal arose on objections by an heir to the final report of the administrator of an estate as to proper distribution of the personal assets. The administrator contends that a conveyance of real estate by the decedent to said objector should be regarded as an advancement. The court held that the said conveyance was not an advancement, and the administrator appeals.—*Affirmed.*

*Carr & Carr*, for appellants.

*Charles J. Hass,* for appellee.

FAVILLE, J.—Michael O'Hara owned a farm of 240 acres. For some time prior to his death he had been a widower. He died intestate on December 21, 1922. He was survived by one

1. DESCENT AND
DISTRIBUTION:
liability of heir:
advancement:
difference be-
tween value of
property and
amount paid.

son (the appellee), two adult daughters, and three grandchildren, who are the children of a deceased daughter. He left personal property valued at $21,803, and a residence property in the town of Coggon, worth approximately $1,600 or $1,800. On October 11, 1922, the decedent conveyed said 240-acre farm to the appellee. The deed recites that it is executed "in consideration of one dollar, and other good and valuable considerations." The deed contains the following clause:

"The grantor herein reserves the right to make his home upon the premises during his lifetime, reserving also one room in the home as his during his lifetime. Also requires that he be furnished proper board and proper care, comforts and attention at all time by grantee, including his last sickness. All of these together with the funeral expense, the grantee herein is charged with as part of the consideration of above described premises."

It is admitted of record that the money consideration for said deed was in fact $12,000, of which $4,000 was paid in cash at the time of the execution of the deed, and the balance was evidenced by a note of $8,000, secured by a mortgage on said premises, which note and mortgage were among the assets of the estate, and have been collected by the administrator. At the time of the execution and delivery of said deed, the decedent was living with the appellee on said farm, and had been so living since the preceding September, and he continued to live there until the time of his death, on December 21, 1922. At the time of his death, the decedent was 87 years, 5 months, and 20 days old. The decedent had no illness previous to his death, and was apparently in good health, and was found dead in his bed.

I. Appellants' claim is that the difference between the value of the said land and the $12,000 which the appellee paid in money is an advancement, and should be charged against the

appellee in the distribution of the personal assets of said estate.

It is the rule in this state that, where there is a voluntary gift from a parent to a child, it is presumed, in the absence of evidence to the contrary, to be an advancement, chargeable against the child's share in the estate of the parent who dies intestate. Section 12029, Code of 1924; *Burton v. Baldwin,* 61 Iowa 283; *McMahill v. McMahill,* 69 Iowa 115; *Phillips v. Phillips,* 90 Iowa 541; *Finch v. Garrett,* 102 Iowa 381; *Bissell v. Bissell,* 120 Iowa 127; *Calhoun v. Taylor,* 178 Iowa 56; *Bash v. Bash,* 182 Iowa 55; *Thompson v. Ohl,* 187 Iowa 654; *Murphy v. Callan,* 199 Iowa 216; *In re Estate of Francis,* 204 Iowa 1237. In such a case the intention of the donor at the time of the transfer must govern, as to whether the conveyance of property shall be deemed an advancement or an absolute gift. *Ellis v. Newell,* 120 Iowa 71; *Calhoun v. Taylor,* supra; *Murphy v Callan,* supra.

It is also a well recognized rule that, where land is conveyed by a parent to a child, and a consideration is paid for said conveyance, if it appears that there is a large and apparent difference between the consideration so paid and the actual value of the land at the time of the conveyance, then the transfer is to be regarded as voluntary to the extent of the difference between the amount paid and the value of the land, and such difference will be presumed to be an advancement. *Strong v. Lawrence,* 58 Iowa 55; *Fuller v. Griffith,* 91 Iowa 632; *Mossestad v. Gunderson,* 140 Iowa 290; *Murphy v. Callan,* supra, and cases therein cited.

One other general rule applicable to cases of this character is to be borne in mind, and that is that this action is in probate, and is tried as an ordinary action. It is reviewed here as any

2. **Executors and Administrators: advancements: how issue tried.** other ordinary action, upon alleged errors of law only. It is not triable in this court *de novo.* The finding of the trial court has the force and effect of the verdict of a jury, and cannot be disturbed on appeal if there is substantial evidence in the record to support it. *Calhoun v. Taylor,* supra; *Watt v. Robbins,* 160 Iowa 587; *McGovern v. Heery,* 159 Iowa 507; *Art-Aseptible Furniture Co. v. Shannon,* 159 Iowa 225; *Dodge v. Grain Shippers' Mut. Fire Ins. Assn.,* 176 Iowa 316.

With these general rules in mind, we first consider the

question as to whether or not there is substantial evidence in the record to sustain the conclusion of the trial court. The cash payment made by the appellee was $50 an acre for the entire farm. There is much evidence in the case with respect to the value of the land at the time of the conveyance. This evidence ranges all the way from $80 to $150 an acre. It is exceedingly difficult to fix upon any definite amount, as being the actual, fair market value of said premises at said time. Under the record, we think it may fairly be said that the actual value of the farm at the time of the transfer was shown to be substantially in excess of the cash payment of $12,000 which the appellee paid therefor.

But the cash payment of $12,000 was not the only consideration for the conveyance. By the terms of the deed it was expressly provided that the grantor reserved the right to make his home upon the premises during his lifetime, reserving a room in the house, and was to be furnished proper board, care, and comforts at all times, including his last sickness, and that all expenses for such care, support, and maintenance, including his funeral expenses, were to be paid by the appellee. At the time of the execution of said deed, the appellee was in advanced years, but was in good health. The mortality tables which were introduced in evidence showed that his expectancy was 2.75 years. The evidence shows that, after the execution of said deed, the decedent lived with the appellee until the time of his death, and that the terms and provisions of said deed were fully performed by the appellee. The decedent evidently anticipated the possibility of sickness, and provided in the deed that the appellee should furnish him proper care during his last illness. The question as to how long the decedent might live, how great a charge he might become, how much expense—medical and otherwise—might be necessary for his future care, were all in the realm of speculation and conjecture. It is easily conceivable that a situation might have arisen in which the appellee would have been required to perform great service and to incur large expense, under the terms of this deed.

We have recognized that an agreement to support and care for a grantor during his life is a valuable consideration sufficient to support a deed, even though it may ultimately turn out that

3. CONTRACTS: the value of the property transferred was large-
consideration: ly in excess of the amount that was required to
agreement to
support grantor. be paid for the support of the grantor. *Steen v.
Steen,* 169 Iowa 264; *Pellizzarro v. Reppert,* 83 Iowa 497; *Lewis
v. Wilcox,* 131 Iowa 268; *Harlan v. Harlan,* 102 Iowa 701;
*Peter v. Griffin,* 184 Iowa 1061; *Mills v. McCaustland,* 105 Iowa
187; *Lynch v. Coolahan,* 177 Iowa 179. See, also, *Riggs v.
Riggs' Estate,* 232 Mich. 579 (206 N. W. 508); *Denevan v.
Belter,* 232 Mich. 664 (206 N. W. 500).

Taking into consideration the conflicting evidence with re-
gard to the value of the property at the time, and the terms and
conditions of the deed, and the obligations incurred by appellee
thereunder, we cannot say, as a matter of law, that the decision
of the trial court is so wanting in support in the evidence that
we must set it aside. We cannot substitute our conclusions for
those of the trial court, where, as in this case, the judgment ap-
pealed from has substantial support in the record. In arriving
at this conclusion, we have taken into consideration all of the
record in the case, including the fact of the execution of a prior
will by the decedent, in which a different disposition was made
of his property. This will he afterward destroyed.

There is no claim in this record of mental incompetency or
of undue influence or fraud. The decedent had a right to make
such disposition of his property as he saw fit; and, there being
in the record sufficient evidence to sustain the trial court in its
conclusions that the presumption of an advancement, if held
to obtain, was sufficiently overcome, we cannot, upon this record,
hold to the contrary.

II: There was a plea of former adjudication. This rested
on the fact that the heirs of said decedent brought an action
in equity to cancel and set aside the said deed, and on cross-
petition, title was quieted in appellee. The administrator did
not appear in said action as representative of said estate. The
appellants assign as error that:

"The court erred if it based its judgment herein upon
appellee's plea of former adjudication."

The record shows that the proceedings in the action in
equity were offered in evidence in this case by the appellants.
The appellants are, therefore, in no position to complain of the

fact that the proceedings in said action fully
appeared in the record in this case. Whether
or not said proceedings constituted an adjudica-
tion of the matters in issue in this case was not
determined by the trial court, either in findings or as a part of
the judgment entered. We therefore cannot determine whether
or not the same was considered by the trial court in arriving at
a conclusion in this case; and whether or not the proceedings
in equity constituted an adjudication against the administrator
in this action is a question upon which we make no pronounce-
ment. At this point we hold only that the appellants are in
no position to complain of the admissibility of the record in
the former case, which they introduced in evidence themselves;
and, there being sufficient evidence entirely outside of said mat-
ter of adjudication to support the conclusion of the trial court,
there is no error of law at this point of which appellants can
complain, and which can be made the basis of reversal.

*4. APPEAL AND ERROR: review: party entitled to allege error.*

III. Complaint is made of the failure of the court to rule
upon certain objections that were made to evidence. The record
shows that, at the time the objections were made, the court in-
dicated that the ruling would be withheld, and
entered at the close of the case, and that this
order was not objected to. In ruling on the
motion for new trial, the court made a finding
sustaining the administrator's objection which had been urged
to certain questions, which ruling had been withheld, and also
made a finding to the effect that, in determining said case, the
court had considered only such evidence as it regarded as com-
petent and material, and had rejected all other, and did not
consider or give any weight to other testimony. It will be pre-
sumed in such a case that the finding and judgment of the trial
court were based only upon competent evidence, and the record
in this case affirmatively so shows. *Hunt & Co. v. Higman,* 70
Iowa 406; *Spelman v. Gill,* 75 Iowa 717; *Foster v. Hinson,* 76
Iowa 714; *Wright v. Farmers Mut. L. S. Ins. Assn.,* 96 Iowa
360; *Finnegan v. City of Sioux City,* 112 Iowa 232; *Willis v.
Weeks,* 129 Iowa 525; *Good Roads Mach. Co. v. Ott,* 186 Iowa
908; *Joyner v. Utterback,* 196 Iowa 1040. See, also, *State ex
rel. Seeburger v. Dietz,* 202 Iowa 1202.

*5. APPEAL AND ERROR: review: postponed rulings: presumption.*

We find no ground of reversal in any of the errors alleged by appellants. The judgment appealed from is—*Affirmed*.

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.